DEBORAH HATHAWAY *v.* LOT HATHAWAY'S ESTATE,—HENRY W. HATHAWAY, APPELLANT.*

(S. C. 44, 658.)

*Ante-Nuptial Agreement. Barring of Dower and Homestead. Power of Probate Court.*

The plaintiff was the second wife of the intestate, who died without issue of their marriage. An ante-nuptial agreement was entered into between them, whereby a pecuniary provision was made for her in lieu of dower, and whereby she covenanted to claim no share in his estate otherwise than according to the provisions of said agreement. The plaintiff did not elect to waive the provision made for her by said agreement, but, induced by the fraud and artifice of the only son and sole heir of the intestate, accepted

---

*This case was heard at the general term in November 1872, and decided at the general term in October 1873.

and received the same in full of all claim against said estate, and retained the same without offering to restore it to the estate. *Held,* that the plaintiff was thereby barred of dower and homestead.

*Held,* also, that without waiver of said provision, and notice of it in writing, the probate court had no power to decree the plaintiff homestead and dower, although said provision was wholly inadequate for her support.

The probate court, on the plaintiff's application, caused homestead and dower to be set out to her, from which proceeding this appeal was taken. *Held,* that although such proceeding might be considered as equivalent to a decision that said provision was not sufficient for her support, and to an extension of the time for making election; yet, that it could not supply the indispensable requisites of election, waiver, and notice thereof in writing to the probate court,—acts to be done by the plaintiff.

APPEAL from a decree of the probate court for the district of Washington, setting out to the plaintiff homestead and dower in the estate of the said Lot Hathaway.

The defendant pleaded two several pleas in bar. The first plea alleged that the said Deborah was the second wife of the said Lot, and had no children by the said Lot ; that prior to their marriage they entered into an ante-nuptial agreement of the tenor following :

" This indenture, made and concluded upon between Lot Hathaway, of East Montpelier, in the county of Washington, and state of Vermont, and Deborah Howland, of the same place, in consideration of a marriage to be had and solemnized between him, the said Lot Hathaway, and the said Deborah Howland, does for himself, his heirs and assigns, covenant, grant, and agree to, with the said Deborah Howland, her heirs and assigns, that the said Lot Hathaway, his heirs and assigns, shall and will forever hereafter stand seized of the sum of three hundred dollars to the uses following, that is to say, to the use of said Lot Hathaway for and during the term of his natural life, and after his marriage with the said Deborah Howland, and after his decease, to her use during her natural life—for her jointure, and in lieu and satisfaction of her dower in his estate ; and the said Deborah Howland, in the consideration for the above mentioned three hundred dollars to be paid to her out of the estate of the said Lot Hathaway, does for herself, her heirs and executors and administrators, covenant and agree with the said Lot Hathaway, that the sum of three hundred dollars shall be in full satisfaction of her dower in his estate, if she shall survive him after said marriage be had, and she shall survive him after said marriage, and if said marriage be had, and she shall survive him, that she will not claim any share of his estate otherwise, unless some part thereof be given to her by his will, or some act done by him after the execution hereof.

" In witness whereof the parties to these presents hereunto set their hands and seals, this 25th day of April, 1853.

     *Witness.*

| | | |
|---|---|---|
| GEORGE HOWLAND, | LOT HATHAWAY, | [L. S.] |
| LEMUEL C. LAWSON, | | |
| LUCY A. GALLISON. | DEBORAH HOWLAND. | [L. S.] |

" Signed, sealed, and delivered in the presence of

         " PUTNAM MCKNIGHT, *Justice of Peace.*"

That on the 10th day of May, 1853, the said Deborah and the said Lot intermarried, and that said Lot died intestate on the 6th day of May, 1866, without having in any manner altered or modified the provisions of said agreement; that afterwards, to wit, on the 12th day of May, 1866, the said Henry W. Hathaway, only son and sole heir of the said Lot, proceeded to assume and pay the debts of the said Lot, and to take possession of his property as such heir, and that he then and there settled and adjusted with the said Deborah, her claims upon the property and estate of the said Lot, and that the said Deborah then and there claimed of said estate, the fulfilment of the stipulations in her behalf in said agreement contained, and nothing else ; that the said Henry, acting for and in behalf of said estate, did then and there pay to the said Deborah the sum of three hundred dollars, which she then and there received in full payment and discharge of all her claims, rights, and dues under and by the provisions of said agreement, and in full payment and discharge of all her claim upon the property of said estate. The second plea, in addition to the allegations contained in the first plea, alleged that the said Deborah, in consideration of said sum of three hundred dollars paid to her as aforesaid, and of the further sum of fifty dollars, and the household furniture of said Lot, of the value of one hundred dollars, paid to her by the said Henry in behalf of said estate, did sign, execute, and deliver to the said Henry, an assignment and release of all her claim, right, title, and interest in and to all the personal estate of the said Lot, except the household furniture and effects and the clothing of the deceased, and, also, for the same consideration, duly executed and delivered to the said Henry, a quit-claim deed of all the real estate of which the said Lot died seised ; that

on the 13th day of September, 1866, Addison Peck was appointed administrator of the estate of said Lot, by the probate court for the district of Washington ; that said Peck, administrator as aforesaid, under the license of said court, proceeded to sell the personal property, and a portion of the real estate of which the said Lot died seized, to pay the debts of the said Lot which had not been paid by the said Henry ; that after paying all debts, and fully settling said estate, and after due notice, the said Peck, administrator as aforesaid, on the 5th day of November, 1867, settled his final account as such administrator, and was then and there discharged by said court as such administrator,—of all which the said Deborah then and there had full notice ; that the said Deborah, not having waived the provisions made for her in said ante-nuptial agreement or the provisions made for her in lieu of dower and the provisions of law, on the 12th day of February, 1868, and not before, preferred her said petition to be allowed dower and homestead in the estate of said Lot; that the said Deborah had ever retained the money and property so paid to her as aforesaid by the said Henry, and had never given notice to the said Henry, or to the representatives of said estate, of any purpose or wish on her part to rescind or waive said contracts, assignments, release, and deed ; but, on the contrary, had affirmed the same.

The replication to the first plea, admitted the agreement as therein alleged, but averred that the provisions therein made for the plaintiff, were not, at the time of the death of the said Lot, a sufficient provision for her comfortable support during life, and that, no letters of administration having been taken on said estate, she made application to the probate court for homestead and dower to be set out to her in said estate ; that the probate court had jurisdiction of said matter, and the said Henry appeared before said court, and objected to her application on the ground of said ante-nuptial agreement, and that, on full hearing, said court adjudged that said provisions were not a sufficient provision for her comfortable support during life, and ordered and decreed that she was entitled to a homestead in said estate, and appointed a committee to set out the same. To so much of the second plea as

relates to said ante-nuptial agreement, the plaintiff replied, admitting said agreement, but averred that the same, at the time of the death of the said Lot, was not a sufficient provision 'for her comfortable support 'during life; that the said Lot died possessed of a large estate, amounting to many thousand dollars after the payment of all debts; that while said administration account was in process of settlement, and before the final settlement thereof, to wit, on the 17th day of June, 1867, the plaintiff made application to said probate court to have dower and homestead set out to her, and that such proceedings were therein had, that said court, upon legal notice to all parties interested, and after full hearing, adjudged and decreed that the plaintiff was entitled to dower and homestead in said estate, and appointed commissioners, who set out the same according to law; that the plaintiff was induced to receive said sum of money so as aforesaid paid to her, by the fraud, artifice, and connivance of the said Henry, and by his falsely and deceitfully representing to the plaintiff that that sum was all she would ever be entitled to out of said estate; that the probate court had before it on the hearing last aforesaid, the release and deed in said plea mentioned, and then adjudged that the provisions of said ante-nuptial agreement were not a sufficient provision for the comfortable support of the plaintiff during life. To so much of said plea as relates to the release and deed therein mentioned, the plaintiff replied, that her signature thereto was obtained by fraud, intimidation, and duress, and that at the time of the execution thereof, she was unlawfully imprisoned by the said Henry, and others in collusion with him, and detained in prison, and by threats and intimidation prevented from seeing and consulting friends as to her rights; that the said Henry represented to her that said writings were only a release of her right to the personal estate of the said Lot, which he well knew to be false.

The defendant filed a general demurrer to the first and second replications, and rejoined to the third, that the plaintiff voluntarily, and of her own free will, executed said release and deed; without this, that her signature was obtained thereto by fraud, &c.

The court, at the March term, 1872, PECK, J., presiding, sus-

tained the demurrer, and adjudged the replications insufficient, and rendered judgment, *pro forma*, for the defendant, denying the prayer of the petition.   Exceptions by the plaintiff.

*Randall & Durant*, for the plaintiff.

The first question is, whether the probate court, having the parties and subject-matter fully before them, could, as the replication alleges, decide that the plaintiff had not sufficient support. This was clearly in the discretion of the court, and cannot be revised.   No issue is anywhere tendered in regard to the very point on which the court below decided the case, to wit, §§ 5 & 6, ch. 55, Gen. Sts., and as amended by act of 1864.   All intendments should be in favor of the validity of the judgment of the probate court, it having, as is alleged, all the papers before it, and the county court had only a simple issue, well defined by the pleadings.   *Admrs. of Tryon* v. *Tryon et als.* 16 Vt. 313.   If the probate court has chancery power, as we say they have, was not their decision correct ?   *Heirs of Adams* v. *Adams et al.* 22 Vt. 50 ; *McClary et al.* v. *Bixby, admr.* 36 Vt. 254 ; 40 Mass. 108.

We grant that the ante-nuptial contract was properly before the court, and we insist that, by its very terms, the homestead was not in any way affected by it; for the contract says that the three hundred dollars is " in lieu and satisfaction of dower in his estate," and recites just what she did relinquish.   The homestead is an estate in fee, vesting in the widow at the death ; and in order to deprive her of it, the proof should be clear and unequivocal.   The object of the statute was to save, not to destroy.   ALDIS, J., in *Meech* v. *Estate of Meech*, 37 Vt. 414. But it is claimed that the appellee has waived her right to the homestead.   We answer, if it was an estate in fee (as it was), then it does not matter when it was set out.   *Doane* v. *Heirs of Doane*, 33 Vt. 649.   If the homestead was not included in the marriage contract, she need not make her election.   32 N. Y. 502 ; 2 Denio, 430.

Again, liken this homestead to dower, as did ALDIS, J., in *Meech's* case.   Then we say that the writing must be so repugnant to the homestead right, that they cannot stand together.

*Douglass* v. *Henry*, 1 West Va. 26 ; 8 Gratt. 83 ; 32 N. Y. *supra ;* 2 Denio, *supra ;* 7 Cow. 287, and notes. The widow may be barred of dower, &c., under the proviso of § 6, of ch. 55, of the Gen. Sts. ; but she shall have sufficient provision for her support ; without this, the court may deny dower.

*C. J. Gleason*, for the defendant.

Is the plaintiff entitled to the provisions " made in lieu and satisfaction of dower," and after that to dower ? We submit that the statute puts that question at rest. Gen. Sts. ch. 55, §§ 5, 6. The widow is barred of homestead by her own executed contract. This contract is conceded to be valid. It is to be interpreted like other contracts—by the language of the contract itself. The language used clearly indicates the intent of the parties, and amounts to a distinct covenant, on her part, that she will not claim *any share of his estate.* The statute gives the widow a homestead ; so it does dower ; and the distributive share to the heir ; but either may be aliened or barred by the party otherwise entitled.

We insist that the plaintiff must first rescind her contracts, and restore, or offer to restore, the consideration, before she can ask to have her contract set aside for fraud. *Hunt* v. *Silk*, 5 East, 449 ; *Kimball* v. *Cunningham*, 4 Mass. 502 ; *Conner* v. *Henderson*, 15 Mass. 319 ; *Norton* v. *Young*, 3 Greenl. 30. " He who would rescind a contract, must put the other party in as good a situation as he was before." *Cooledge* v. *Brigham*, 1 Met. 547 ; *Perly* v. *Balch*, 23 Pick. 283 ; *Clark* v. *Baker*, 5 Met 452 ; 2 Parsons Cont. 192, note o, and cases cited. " The general rule of law is, that a contract cannot be rescinded by one party for the default of the other, unless both parties can be placed *in statu quo* as before the contract." *Hammond* v. *Buckmaster*, 22 Vt. 375 ; *Miner* v. *Bradley*, 22 Pick. 457.

The replication " that the probate court did adjudge and decree that a homestead be set, &c." is of no force ; that is the judgment appealed from.

It may be argued that the $300 may be applied in support of the widow. We insist that the case shows that it was not paid

for that purpose, but in *execution of the contract* on the part of the estate, and that it was accepted as such.

The opinion of the court was delivered by

WHEELER, J.   From the pleadings in this case, it appears that a pecuniary provision was made for the petitioner by her husband, with her agreement, before marriage, to have effect after his death, and was expressed to be in lieu of dower, and that in the agreement she stipulated not to claim any part of his estate otherwise, unless some part thereof should be given to her by his will, or some act done by him after the execution thereof.   This express agreement not to claim any part of the estate otherwise than according to the agreement, would bar her claim to homestead, without doubt, unless she should waive the provisions of the agreement, and elect to give up those, and take homestead and other provisions made by law, instead of them.   *Meech* v. *Estate of Meech,* 37 Vt. 414.   And this pecuniary provision was, by express statute, a bar to her claim for dower, unless she should make her election to waive it within eight months after administration taken, or should procure an extension of the time for making election in the probate court, and make the election within the extended time, and notify the court of her election in writing.   Gen. Sts. 412, §§ 5, 6.   Laws of 1864, No. 66, 74.   Gen. Sts. 1870, 854.   As she was not the first wife, and there was no issue, the probate court could deny dower, although she should elect and undertake to waive the pecuniary provision and to take dower, if the provision was sufficient for her comfortable support during life.   Gen. Sts. 412, § 6.   But the probate court had not power to give, without waiver of the pecuniary provision and notice of it in writing, although the provision was wholly inadequate to her support. The pleadings further show, that she has received the pecuniary provision made for her, and although they show that she was induced to receive it by the fraud, artifice, and connivance of the administrator, and by his representing to her that this provision was all that she would ever be entitled to out of the estate, they do not show but that she has continued to hold it, nor that she has offered to restore it to the estate, nor that she has made any elec-

32

tion to waive it, nor that she has procured any extension of the time for making election to waive, nor that she notified the probate court of any election by her to waive this provision and take dower and claim homestead. The pleadings do show that the probate court, on her application, caused homestead and dower to be set out to her, and this proceeding may, perhaps, be considered as equivalent to a decision that the provision was not sufficient for her support, and to an extension of the time for making election. But the appeal to the county court was from that proceeding, and that appeal is this case; and that proceeding could not supply the want of an act to be done by the petitioner herself, that was necessary to perfect her right to what she claimed in the proceeding, and is still claiming on the appeal. The election to waive, waiver, and notice of it in writing to the probate court, were acts to be done by her herself, and were indispensably requisite to her right to either homestead or dower, and are all lacking. The judgment of the county court, denying the prayer of the petitioner's petition, was, therefore, correct. As the petitioner did not elect to waive the pecuniary provision made for her in the agreement by which she agreed not to claim any part of her husband's estate otherwise, which would include an agreement not to claim homestead, it is not necessary to decide whether by waiver of the provision she could entitle herself to homestead or not, as the statute in relation to waiver applies to dower and not to homestead in terms, and there is no statute provision expressly giving a right to waive a provision that is in lieu of homestead and take homestead.

Judgment affirmed.