E. W. CHAFFEE, exr., *vs.* LUCINDA A. CHAFFEE.

October Term, 1897.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*V. S. 2532—Dower how Barred—Election—Specific Performance of Ante-nuptial Contract.*

V. S. 2532, providing in what cases a widow may be barred of dower, relates to jointures or pecuniary provisions which are to take effect after the decease of the husband and between which and the provision made for her by the statute an election may then be made; but it does not apply to a provision made for and received by her, completely, during the life of her husband, under an ante-nuptial contract, perfectly fair and well understood, that it shall be in lieu of every claim in her behalf against his estate.

Even if the statute be held to apply to such a case, the widow does not waive the provision by merely notifying the probate court of her

election, without offering to return what she has received under the contract.

In the case at bar, the widow accepted one yearly installment under the ante-nuptial contract, from the executor, after her husband's decease; and this of itself was an election to take under the contract.

It being conceded that the probate court has no power to compel the widow to keep her part of the agreement, and that specific performance of an ante-nuptial contract fully performed on one side may be decreed by a court of equity, the present is held a proper case for such relief.

The testator, in pursuance of the ante-nuptial contract, paid the defendant an annuity, but during the latter years of his life, becoming depressed and imagining himself poor, failed to properly provide for her; whereby, and to save him annoyance, she was led to devote the annuity, and other of her own money, to her own and his support. *Held*, that the decree for specific performance should be made conditional upon the orator's repaying to the defendant these sums with interest.

BILL IN CHANCERY. Upon the pleadings and master's report at the December Term, 1897, Rutland County, *Munson*, Chancellor, rendered a *pro-forma* decree dismissing the bill with costs. The orator appealed.

*Joel C. Baker* for the orator.

A fair ante-nuptial agreement to relinquish her right to an allowance from the estate of her husband, when carried out upon his part, will be enforced against the widow. *Paine* v. *Hollister*, 139 Mass. 144; *Weaver* v. *Weaver*, 109 Ill. 225; *Peck* v. *Peck*, 12 R. I. 485; *Tiernan* v. *Binns*, 92 Pa. St. 248; *Sheldon* v. *Bliss*, 8 N. Y. 35; *Mann* v. *Mann's Estate*, 53 Vt. 56; *Little* v. *Dwinell*, 57 Vt. 311: *Re Blackmer's Est.*, 66 Vt. 48.

The manner in which defendant used her money should not affect the decision, for whatever she did she did voluntarily. *Pierce* v. *Pierce*, 9 Hun. 52.

*Butler & Moloney* for the defendant.

The statute is specific, that the widow shall be entitled to her dower unless barred in a particular way, and the court is authorized to deny dower only when it is found that she has other sufficient provision for her support. V. S. 2532; *Little* v. *Dwinell*, 57 Vt. 312.

The bringing of this bill is an admission that the defendant is entitled at law to homestead, dower and personal property. The granting of specific performance rests in sound discretion and will not be exercised when "from a change of circumstances or otherwise it would be unjust." I. Story, Eq. Juris. §§ 750, 755, 769.

The orator should be compelled to repay the amount expended by the defendant for her own support, and for the benefit of the husband, if performance is decreed.

START, J. The orator, as executor of the last will and testament of Warren Chaffee, brings this bill for the purpose of compelling the defendant to perform and keep on her part an ante-nuptial contract, entered into between her and his testator, and claims that the probate court has no jurisdiction to enforce such performance of the contract. The defendant, by her answer, admits that the probate court has no such power; and her counsel, in argument, does not contend but that a court of equity may decree specific performance of an ante-nuptial contract, when it has been fully performed by one of the parties, notwithstanding our statute. Therefore, the only question we have to consider is, whether the case, as shown by the master's report, is one in which such performance should be decreed.

It appears, that the orator's testator was, on the 11th day of January, 1881, a widower, sixty-seven years old; that he had one son, the orator, who was then of full age; that, on the last named day, the testator and the defendant, who was a widow and had children living, entered into an ante-nuptial contract, under seal, wherein the defendant, in consideration of a marriage on that day to be solemnized between them, and in consideration of five hundred dollars then paid to her and fifty dollars to be paid to her yearly, during their joint lives, agreed to accept the same in lieu of all dower, homestead right and interest in the estate of the testator, should she survive him, and to make no claim as widow upon his estate at his decease, and that his estate

should be settled and distributed in the same manner as it would be if said marriage had not been solemnized. The marriage was solemnized pursuant to said contract. There was no issue of said marriage, and they lived together until 1889, when the defendant left the testator and thereafter lived with, and was supported by, her children of the former marriage. The testator paid the five hundred dollars and the yearly payments of fifty dollars as they became due under the contract, and the orator paid fifty dollars that became due a few days after the decease of the testator. The defendant fully understood the contract that she entered into, and all payments under it were received by her with a full understanding that they were made and received under the contract; and the testator and his executor fully performed said contract. The testator left a will giving his entire estate, consisting of a farm on which he lived at the time of his decease, and some personal property, to the orator and the orator's wife and children.

After the will was proved, the defendant filed in the probate court her waiver of the provisions of the contract, together with her application, praying that the court cause to be set out and assigned to her dower, homestead and personal property. This petition was wholly denied. On appeal to the county court, the petition was again denied, except as to the homestead, which was ordered set out; and the petition is now pending in this court on exceptions taken to the holdings of the county court.

The defendant, in consideration that the testator would take her in marriage, and five hundred dollars then paid to her, and a yearly payment of fifty dollars during their joint lives, agreed not to take any right and inheritance in his estate. When the contract was executed, and the marriage solemnized pursuant thereto, the parties were of mature years, under no legal disability to contract. The subject-matter of the contract was legitimate, and the contract was entered into without fraud, deliberately and under-

standingly, and apparently with full knowledge of the circumstances of each; and the defendant accepted of the five hundred dollars and the performance of the contract by the testator on his part for thirteen years, and by his executor after his decease. These sums, with the accumulated interest thereon, if kept at interest, would probably exceed the share she would have taken in the estate, if the contract had not been made; and, so far as appears, the defendant accepted full performance of the contract by the testator and his executor with full knowledge of her rights, knowing every fact material for her to know. Now when the time has come for her to perform on her part, she repudiates every undertaking on her part to be performed and claims dower, homestead and an assignment of personal estate.

V. S. 2528, provides that the widow of a deceased person shall be entitled to dower, or the use, during her natural life, of one-third of the real estate of which the husband died seized in his own right, unless she is barred as provided in this chapter. V. S. 2418, provides that the widow of a deceased person shall receive out of her husband's personal estate, not lawfully disposed of by his last will, all her articles of apparel and ornament; the wearing apparel of the deceased, and such other part of the personal estate as the probate court assigns to her, according to her circumstances and the estate and the degree of her husband, which shall not be less than one-third, after the payment of debts, funeral charges and expenses of administration. V. S. 2419, provides that such right shall be subject to the exception relating to the dower of the widow. V. S. 2532 provides, among other things which have no bearing on the question under consideration, that a widow may be barred of dower where a jointure was settled on such widow by her husband or other person, or some other pecuniary provision was made for her before her marriage, with or without her agreement or consent, or after her marriage

with her consent to have effect after the death of her husband, and expressed to be in lieu and discharge of her dower. But she may, within eight months after the will of her husband is proved, or after letters of administration are granted on his estate, or in such further time as the court in its discretion allows, waive the jointure or pecuniary provisions made for her in lieu of dower, and take her dower, and notify the court of her election in writing; and the court shall thereupon order her dower set out as in other cases. But if she was not the first wife of the deceased, and he leave no issue by her, and an agreement was entered into between them, previous to their marriage, in relation to her claim on the estate of her husband in lieu of dower, and if, in the opinion of the court, she has a sufficient provision for her comfortable support during life, the court may deny to her dower, or any provision other than such as is provided by the agreement between the parties.

These sections contain all the provisions of the statute, whereby a widow may be barred of dower and personal estate in the estate of her husband; and it will be noticed they contain no express provisions, whereby she may be thus barred by reason of an ante-nuptial contract, that, by its terms, is to be fully performed on the part of the husband before marriage, or during their joint lives, and is so performed.

A jointure that bars dower is a provision made for the wife, whereby an estate may pass to her presently, after the death of her husband. The pecuniary provision provided for in the statute which may bar dower, if not waived, is, by the terms of the statute, to have effect after the decease of the husband; and the waiver provided for is a waiver of some benefit that the wife may take under a jointure, after the decease of the husband, in lieu of dower, and not a benefit received during coverture. And the provision that is applicable, when there is no issue of the marriage, and

the widow was not the first wife of the deceased, and an agreement was entered into previous to the marriage, relating to the widow's claim on the estate of her husband in lieu of dower, evidently contemplates a benefit that the widow may take from the estate, and not a benefit received before the death of her husband. The requirement in regard to notice to the probate court of a waiver, indicates that such was the intention of the legislature in enacting these provisions. She is required, not only to relinquish the pecuniary provisions made for her by the jointure, but she must notify the probate court that she has elected to do so, and that she will take dower, instead of such pecuniary provision. It is clear that these provisions are not applicable, where the widow has received and retained, pursuant to an ante-nuptial contract, the pecuniary provisions made for her in lieu of dower.

While the statute makes no express provisions whereby a widow may be barred of dower and personal estate in the estate of her husband, by reason of an ante-nuptial contract that is fully performed on the part of the husband, pursuant to its terms, while he lives, there is no good reason why a woman, under no disability, may not stipulate to substitute money, or any other thing she pleases, in place of these; and, if the contract is fair, without fraud, and apparently of perfect equality, and she takes the thing she has agreed to take in place of these, when she is under no disability, and after the time has arrived when she might waive her agreement, if she has such right, and take homestead, dower and personal estate, contrary to her agreement, equity requires that she perform her part of the contract.

If it can be said that the statute relating to waiver and election is applicable to an ante-nuptial contract that has been fully performed on the part of the husband, and that the defendant had, under the statute, a right to waive the pecuniary provisions made for her in the contract, she has not properly or seasonably exercised that right. She does not offer to return the money she has received under the

contract, but insists on retaining the benefit of full performance on the part of the testator and his executor and taking under the statute the same as if she had not received such benefit. It is not contemplated by the statute that the widow shall take the benefit of the jointure, and also take under the statute. The statute expressly provides for a waiver of this benefit before she can take under the statute. The defendant did not attempt to thus waive and take under the statute until she had received full benefit of every pecuniary, or other provision, made for her in the contract, the last of which she received after the decease of the testator, from his executor. Her pretended waiver, without returning, or offering to return, the money she had received as a consideration for her agreement not to take homestead, dower and personal estate, was not a waiver of the pecuniary provisions made for her in lieu of these. She retained all; and the pretended waiver and election was only a repudiation on her part of a contract that had been kept by the testator while he lived, and its performance completed by his executor after his decease, and accepted by the defendant when she was under no disability, and at a time when, if she had a right to elect, she was bound to exercise it. This is inequitable. By taking under the contract after the decease of the testator, she is deemed to have elected to thus take, and not to take under the statute, and she is bound by such election. *Hathaway* v. *Hathaway*, 46 Vt. 234.

The master finds that the testator, ever after his marriage with the defendant, was subject to long periods of depression of spirits, and, that during these periods, he would imagine that he and his family were coming to want, and that he had very little for them to eat. He would eat sparingly himself, and apparently desired the members of his family to do the same. The defendant would ask the testator for money for her personal needs, and, when so applied to, he would sometimes reply, "You have your $50.00;" and, at other times would say that he was poor,

and would apparently feel badly. This would make so much trouble and annoyance that the defendant ceased to ask the testator for money for her clothing, medicine and other necessaries; and to avoid this source of trouble, she used the fifty dollars received each year under the contract, and $35.00 of money drawn from the savings bank, in purchasing necessaries for herself and medicine for the testator. The defendant insists that she is equitably entitled to a return of all these sums before specific performance of the contract is decreed. It is clear, from these findings that the testator did not provide for the defendant according to his estate and degree in life, and that she, to avoid trouble and annoyance to the testator and herself expended the sum of $35.00 and the yearly payments made to her while she lived with the testator for necessaries that the testator, as her husband, was under a duty to furnish, it being the duty of the testator to provide the defendant with the articles that these sums were expended in purchasing. These sums, in this manner, went for the benefit of the testator, and the money thus saved doubtless enhanced the estate that has come to the hands of the orator, as executor, and will pass to him and his family under the will. The defendant is equitably entitled to a return of these sums, with interest. The orator having come into this court for equitable relief, let him do equity by returning these sums, before a decree for specific performance of the ante-nuptial contract is entered.

> *The pro-forma decree is reversed, and cause remanded to the court of chancery, with mandate, that if the orator pay to the defendant the $35.00 and the yearly payments of $50.00 expended by her while she lived with the orator's testator, as found by the master, with interest on said sums, by a day to be fixed by the court, a decree be entered for specific performance of the ante-nuptial contract; and, in default of such payment, that a decree be entered dismissing the bill, with costs.*