## No. 8869.

## GROVER v. CLOVER, ADMINISTRATOR.

Decided November 5, 1917.   Rehearing denied January 7, 1918.

Action to cancel deed of trust.   Judgment for plaintiff.
*Affirmed.*

1. PROBATE LAW—*Powers of Administrator.*   Sec. 7140 R. S. 1908, expressly confers the power upon an administrator and makes it his duty to sue for, recover and preserve the estate, both real and personal.

2.     *Widow's Allowance.*   In this jurisdiction a widow's allowance is not in the nature of an interest in an estate; it is not something which goes to the widow by descent, but is a preferred claim against the estate.   It is a part of the expense of administration.

3. HUSBAND AND WIFE—*Fraudulent Conveyance.*   Where a husband disposes of his property in trust for the use of another, for the purpose of defeating the rights of his wife, reserving to himself a life interest, the transaction is a fraud upon the wife from which she may be relieved after his death.

4. REAL PROPERTY—*Limited Estate.*   The policy of the law does not permit property to be so limited as to remain in the grantor for life, free from the expense of property and not subject to his debts.

*Error to the District Court of the City and County of Denver, Hon. H. S. Class, Judge.*

Mr. O. A. ERDMAN, for plaintiff in error.

Miss MARY F. LATHROP, Mr. HARRY F. ANDERSON, for defendant in error.

*En banc.*

MR. JUSTICE SCOTT delivered the opinion of the court.

THE complaint in this case was by the administrator of the estate of Charles F. Grover, deceased.   It alleged allowance by the county court of claims against the estate

for funeral expenses, and a claim by the widow for a widow's allowance, and that the administrator has no funds in his possession or under his control to pay such claims, or any of them, or the necessary expenses of administration. That in his life time the deceased had executed a deed of conveyance to one Elizabeth M. Fowler for certain real estate, in trust for the use and benefit of his son, Charles G. Grover. The condition of the trust, recited in the deed is as follows:

"That all the rents, income and profit of the said property, as the same accrue after deducting taxes and other proper expenses, be paid to me during my natural life, and upon my death the said trust shall thereupon at once cease and determine and the said premises hereby conveyed shall thereupon become vested in my son, Charles Glenn Grover, and I direct that a deed so conveying the same to him shall at once by said trustee be made, executed and delivered to my said son. In the event of the death of said trustee before my decease, then I name and appoint John Howard Fowler, her son, as trustee and successor in trust, subject to the terms and conditions of this deed."

The deed was executed on the 17th day of January, 1911. The decedent died on April 17th, 1912. It is further alleged that the deceased continued in possession of the premises, using and claiming same as his own, and received the rents and profits therefrom, until the time of his death, and that the trustee did not exercise or attempt to exercise control of the premises, and did not obtain or attempt to obtain possession thereof during the life time of the deceased, and that the widow of the deceased was without knowledge of the execution of said deed, until after the death of her husband. Further, that after the death of the grantor, the trustee Fowler executed a deed for the premises to Charles G. Grover as directed by the trust deed, but that the deed of trust was not recorded until after the death of the grantor. These allegations were sustained by the proof. The prayer was for the cancellation of both deeds and that the title be declared to be in the estate of

deceased. The trial court found generally for the plaintiff and rendered judgment accordingly.

Many interesting questions are raised and discussed in the briefs, but it is not necessary to consider any of these aside from two, viz: was the administrator authorized to institute the suit, and is the deed void as against lawful claims against the estate.

Without discussion, Sec. 7140 Rev. Stat. 1908, must be held to confer sufficient authority upon the administrator to bring the action. Indeed, the section expressly confers the power upon the administrator, and makes it his duty to "sue for, recover and preserve the estate both real and personal." We have in this case the finding of insolvency of the estate, and the necessity to sell the real estate in question, to discharge the expense of administration, if the lawful title be in the estate. The funeral expenses are admitted to be unpaid. The widow's allowance is fixed by statute, and that there are no other assets than the real estate in controversy, is not disputed.

It is settled in this state that a widow's allowance is not in the nature of an interest in an estate, it is not something which goes to the widow by descent, but is a preferred claim against the estate, to be paid out of the personal property, if sufficient for that purpose, and if not, then the lands of the deceased must be sold to pay it. It is in fact a part of the expense of administration. *Wilson v. Wilson,* 55 Colo. 70, 132 Pac. 67; *Deeble v. Alerton,* 58 Colo. 166, 143 Pac. 1096, Ann. Cas. 1915C, 863. It is plain, therefore that if the lawful title to the real estate in question remained in the deceased at the time of his death it was within the right and duty of the administrator to have that question determined and thereafter to proceed in a lawful way to cause its sale to defray such charges against the estate.

In this case the facts disclose that the beneficiary under the trust deed was a son of the deceased by a former wife; that the deceased about the same time conveyed other property to his said son, and that by these acts including

the execution of the trust deed in question, the wife was left without any interest in the estate of deceased, and even without money to pay funeral expenses.

We think the case comes clearly within the principle announced in *Smith v. Smith,* 22 Colo. 480, 46 Pac. 128, 34 L. R. A. 49, 55 Am. St. Rep. 142. In that case and under a similar state of facts, Chief Justice Hayt, in a very able opinion held that notwithstanding that there exists in this state no right of dower, yet the spirit and letter of our statutes impose the duty upon the husband having property, to provide for the support and comfort of his widow after his demise, and that where the husband disposed of his property both real and personal, the transaction was colorable merely, and resorted to by him for the purpose of defeating his wife's right, but with the intent to reserve the benefit of the property to himself for life, it is a fraud upon the rights of his wife, from which she may be relieved after death.

The complaint in this case alleged:

"That the consideration, one dollar, was not paid; that the deed was not intended to convey the property to the trustee, but was executed to operate as a will, and to hinder, delay and defraud creditors, and to prevent the widow from inheriting the property; that the uses of said conveyance resulted to Charles F. Grover and his heirs, subject to the payment of his debts; that he continued in possession, using and claiming the property as his own, collecting the rents, not in any way recognizing the title of the trustee; that the trustee did not exercise, nor attempt to exercise, any control of the property, or to obtain possession in the lifetime of the decedent."

We must assume that the court so found, and see no reason for disturbing such finding.

Again, it has long been held that the policy of the law will not permit property to be so limited as to remain in the grantor for life, free from the incidents of property and not subject to his debts. 4 Kent. Com. 311; Bump on Fraudulent Conveyance, Sec. 189; *Ghormley v. Smith,* 139

Pa. St. 584, 21 Atl. 135, 11 L. R. A. 565, 23 Am. St. Rep. 215.

The judgment is affirmed.

Mr. Chief Justice White not participating.

Mr. Justice Bailey dissents.