## Nos. 9678, 9679.

### REGAN AS ADMINISTRATOR, *v.* TURNER, ET AL.

Decided June 7, 1920.    Rehearing denied October 9, 1920.

Actions by an administrator to recover personal property and set aside a deed. Judgments for defendants.

*Reversed.*

1. FRAUD—*Conveyance of Property.* The transfer of all one's prop-
   erty to secure support for the remainder of grantor's life, is
   fraudulent as against his existing creditors.

2. PROBATE LAW—*Power of Administrator to Bring Actions.* The
   question of whether the administrator could maintain the ac-
   tions, resolved in his favor on the authority of *Grover v. Clover*,
   69 Colo. 72.

*Error to the District Court of Weld County, Hon. Neil F.*
*Graham, Judge.*

Mr. ELBERT C. SMITH, for plaintiff in error.

Mr. WILLIAM R. KELLY, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

REGAN, Administrator, brought two suits against Robert
and Julia Turner, one to recover personal property alleged
to belong to the intestate and the other to set aside a deed
of real estate from the intestate to the defendant. They
were tried together, the trial was to the court, the judg-
ment was for the defendants and the plaintiff, Regan,
brings error.

About January 12th, 1918, Mary J. Ramsdell, then about
eighty-six years of age, transferred all her property, $2,000
to $2,500 in value, to the defendant, Julia Turner, her
daughter. April 12th, 1918, Mrs. Ramsdell died.

The plaintiff was appointed administrator. A claim
against the estate in favor of Laura Forrest, wife of the
intestate's grandson, having been allowed in the sum of
$1,050, the administrator, after demand, brought the said
suits.

The evidence showed that Mrs. Ramsdell executed the
deed and transferred the personal property in considera-
tion of Mrs. Turner's oral agreement to care for her mother
for the rest of her life and to pay a sister $50 and two other
sisters $25 each. She cared for her mother until her death

and paid $45 on account of the $100 which was to be paid to the sisters.

Two main questions are argued in this court,

1. Was the transfer to Mrs. Turner valid as against the creditors?

2. Can the administrator maintain the actions?

As to the first point: It is held in this State that the transfer of all of one's property to secure support for the remainder of the grantor's life is fraudulent as against his existing creditors. *Fahey v. Fahey,* 43 Colo., 354, 357, 96 Pac. 251, 18 L. R. A. (N. S.) 1147, 127 Am. St. Rep. 118. The promise to pay the grossly inadequate sum of $100 does not relieve the transaction of constructive fraud. *Nugent v. Foley,* 137 N. Y. Supp. 705, 707. The transfers then were voidable by creditors.

The second question is settled in favor of plaintiff in error by *Grover v. Clover,* 69 Colo. 72, 169 Pac. 578.

The point is made that it is not shown that the debt existed at the time of the transfer but we think that the evidence is sufficient for that purpose.

The judgment should be reversed with directions to enter judgment in both cases for plaintiff, setting aside the transfer to an extent sufficient to satisfy the costs of administration and such claims as shall be allowed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE SCOTT concur.