## No. 10,261.

In the Matter of the Estate of MADRIL.

DE QUINTANA, ET AL. *v.* MADRIL.

Decided February 6, 1922.

Petition for orphan's allowance against the estate of a decedent.   Petition denied.

*Reversed.*

1.  PROBATE LAW—*Orphan's Allowance—Statute of Foreign State not Controlling.*   Where a resident of New Mexico died leaving minor children in Colorado, where he owned a tract of land, the children were entitled to orphans' allowances under the laws of Colorado, which are controlling on the question, rather than the statutes of the foreign state.

2.  *Orphan's Allowance—Priority of Claim.*   A claim for an orphan's allowance is not a claim under the law of descents and distribution; the allowance is not an interest in the estate; it is a preferred claim and first charge upon decedent's property in the state, and is given priority over claims of general creditors.

*Error to the District Court of Alamosa County, Hon. Jesse C. Wiley, Judge.*

Mr. JAMES D. PILCHER, Mr. CHARLES H. WOODARD, for plaintiffs in error.

Mr. ALBERT L. MOSES, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us upon writ of error which has been sued out to obtain a review of a judgment disallowing certain petitions or claims for an orphan's allowance out of and against the estate of a decedent.

Justo R. Madril, now deceased, and Adeline Madril were husband and wife, respectively, and resided in the state

of Colorado, in the year 1914. During that year the wife obtained a decree of divorce, in the county court of Alamosa County, Colorado. The custody of two minor children, being the daughters of these parties, was awarded to her. The divorced wife and the children continued to reside, and still reside, in Alamosa County. The divorced husband, Justo R. Madril, above named, removed to the state of Mexico. He died, domiciled in that state, in 1919. At the time of his death he was the owner of certain real estate, of the value of about $1,000, situated in Alamosa County, Colorado. The county court of that county appointed his former wife as the administratrix of his estate.

The two children of Justo R. Madril, deceased, still being minors, filed, in the county court of Alamosa county, Colorado, their separate petitions for an orphan's allowance, proceeding under and relying upon section 14 of chapter 173, session laws of 1915, which amended section 7223 R. S. 1908. By that section, it is provided that "if any decedent" leaves no widow, but does leave "an orphan minor child, or children, such child or children shall be entitled to the same rights of allowance as a widow."

The petitions each allege that the deceased left no property, such as beds, bedding, wearing apparel, cow or calf, or household furniture, which, under the statute last above cited, may be taken as and for a widow's or orphan's allowance. The petitioners therefore pray that their orphan's allowance be allowed in money out of the estate. In this connection, they proceeded under chapter 69, session laws of 1917, which amends and supersedes section 7228 R. S. 1908, and provides that where the "personalty is not sufficient to pay" the allowance and "the value of the real estate is not more than sufficient to pay the balance of such allowance," the real estate may be awarded to the widow or orphan.

The claim of the petitioners for an orphan's allowance is and was opposed by a creditor of the decedent. The creditor's claim was allowed, but cannot be satisfied if the

real estate is awarded in satisfaction of the orphans' allowances. Hence arises the controversy between the orphans and the creditor.

The county court denied the petitions for orphan's allowance. A like result obtained on appeal to the district court, and claimants bring the cause here for review, now applying for a *supersedeas*.

The right of the plaintiffs in error to receive each an orphan's allowance in accordance with the statutes of this state, is not disputed or questioned otherwise than by objections based upon, or by a relation to, the fact that the decedent died resident and domiciled in the state of New Mexico.

It is conceded that the plaintiffs in error are not entitled to an orphan's allowance if the law of the state of New Mexico is to govern in the instant case, for the reason that such law provides for no allowance where the children are, as they are in this case, over the age of fifteen years. The question to be determined is, may they receive the allowance under the statute of this state, or, in other words, does the law of this state govern in the instant case?

The claimants are residents of this state. All of the real estate or property sought to be subjected to the allowance is situated within this state. Our statute comprehends this case, as well as others, this case being one where the decedent was at the time of his death a nonresident of this state. The statute uses the term "any decedent." Residence within this state is required of the widow or orphans who choose to avail themselves of the benefits of the statute, but it is not provided expressly or by implication that the decedent too must have been a resident of this state. Our statute, taken by itself, gives the plaintiffs in error their orphan's allowance as claimed by them. This construction does not render the statute amenable to any objection. In a note under the case of *Jones v. Layne*, 144 N. C. 600, 57 S. E. 373, as reported in 11 L. R. A. (N. S.) 361, it is said:

"A state within whose borders personal assets of a decedent are found has the power to grant an * * * allowance to the widow out of those assets, irrespective of the domicile of her husband at the time of his death."

Widows' allowances and orphans' allowances stand on the same footing.

The defendant in error, the creditor above mentioned, insists that the statute of New Mexico, and not that of Colorado, must control, and in support of his contention quotes from 5 R. C. L. 929.  The following is the pertinent sentence, and expresses the rule relied on:

"In the administration and settlement of decedents' estates personal property is distributed by the law of the domicile of the decedent at the time of his death."

This rule is not applicable in the instant case for the reason that the property is not sought to be "distributed." A claim for an orphan's allowance is not a claim under the law of descents and distributions.  The allowance is not an interest in the estate, but is a preferred claim against the estate.  *Wilson v. Wilson,* 55 Colo. 70, 132 Pac. 67.  In *Deeble v. Alerton,* 58 Colo. 166, 143 Pac. 1096, Ann. Cas. 1916C, 863, this court in speaking of the widow's allowance, which occupies the same position as an orphan's allowance, said:

"It is a first charge upon estates, and so made to provide for the comfort and sustenance of the widow and children, pending administration and before distribution. It therefore cannot be a part of that which is to be distributed."

In 5 R. C. L. 929, *supra,* it is further said:

"But the law of the domicile of the decedent must yield to that of the actual *situs* of the property, where rights of creditors resident at the *situs* are in question."

For the stronger reason the law of the decedent's domicile must yield where rights of orphans with respect to their statutory allowances are concerned, where such orphans are resident at the *situs* of the property.  The allowances are given priority over claims of general cred-

itors, and with good reason, for, as stated by us in *Deeble v. Alerton, supra,* allowances to widows and orphans are provided for, not only as a protection to them against want but also as a protection for the state as well. The law of this state governs as much in this case as if the rights of a creditor, resident here, were involved in the principal question.

The court erred in disallowing the claims in question. It would unduly prolong this opinion to review the authorities in point, but as supporting the conclusion here reached we cite: *Jones v. Layne, supra; Stromberg v. Stromberg,* 119 Minn. 325, 138 N. W. 428; 24 C. J. 232, notes 12, 13.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE DENISON concur.