No. 10,222.

ESTATE OF REMINGTON.

REMINGTON *v.* REMINGTON, EXECUTOR.

Decided October 2, 1922.

Proceeding involving a claim for widow's allowance. Claim disallowed.

*Reversed.*

1.  CONTRACT—*Husband and Wife—Widow's Allowance.* Under the terms of a contract between a husband and wife, the wife waived and released her rights to all property of the husband; the contract further provided that he might dispose of his property by will and in case he did not do so, that it should descend to his heirs other than the widow. Held, that the widow's allowance was not waived by the agreement, in the absence of words clearly indicating an intention so to do.

2.  PROBATE LAW—*Widow's Allowance.* A widow's allowance is not an interest in the estate of her deceased husband, but a charge against it, and part of the costs of administration. It is a right that cannot be waived by presumption, assumption or construction.

*Error to the County Court of Larimer County, Hon. Jay H. Bouton, Judge.*

Mr. R. W. FLEMING, for plaintiff in error.

Mr. AB. H. ROMANS, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error, as widow of D. D. Remington, deceased, made application for her statutory allowance as such widow. Objection thereto was made on the ground that the applicant and the decedent had entered into a con-

tract, the pertinent part of which, as concerns this case, reads as follows:

"In consideration of the foregoing statements and the covenants on the part of the party of the first part, the said party of the second part hereby waives, releases, foregoes, and disclaims all of her rights in any and all property, both real, personal and mixed, wheresoever situate, of which the party of the first part is, or may become, seized or possessed, and hereby expressly waives all her right to inherit from the party of the first part under the laws of any and all states of the United States, and hereby agrees that the party of the first part shall have the right to dispose of all of his property, by will and to persons other than the party of the second part, and in case the party of the first part fails to dispose of any of his property, of any kind, by will, then said property shall descend to his legal heirs, other than the party of the second part, and she shall not inherit anything from him."

The county court held the claim barred by the contract, and the case is now here on error to that ruling.

The subject of the contract in question was the property of which the parties might dispose by will. It is the property which, but for the contract, the parties might have inherited in the absence of a will. In short, it deals with the heritable property. According to the language of the contract property rights only were involved.

The widow's allowance is not an interest in the property of the husband. It is in no sense an interest in his estate. *In Re Miller's Estate,* 143 Iowa, 120, 121 N. W. 700. This is expressly held in *Wilson v. Wilson,* 55 Colo. 70, 132 Pac. 67. This court there says that an interest in the estate of the deceased party mentioned in a similar contract, does not cover widows' allowance, which is a matter wholly beyond the control of the property owner and a creature of the statute.

In *Deeble v. Alerton,* 58 Colo. 166, 143 Pac. 1096, Ann. Cas. 1916C, 863, it is again pointed out that the widow's

allowance is no part of the distributive estate, but a charge against it, a part of the costs of administration. It is also said that it is made to provide for the comfort and sustenance of the widow and children pending administration and distribution, and designed not only for their protection but for the state as well. We said:

"It is a right that cannot be waived by presumption, assumption or construction. If it may be waived at all, it must be in terms that do not admit of doubt. In the absence of such a waiver, where the relationship of widow exists, the right is corresponding."

We see no reason to question this statement of the law. Inasmuch as the parties to the contract were dealing with property interests, and not with rights given by statute because of public policy, we cannot construe the contract as cutting off the widow's allowance, in the absence of words clearly indicating a purpose so to do.

It is true that the contract in the *Wilson* case was, as counsel has pointed out, different from the one under consideration; but the principle upon which it was decided governs in the instant case. It is true, also, that there are authorities to the contrary effect, but this court is committed to the doctrine above stated, after a full consideration of such authorities. That being so, it must be held that the trial court erred in rejecting the application for the widow's allowance.

The judgment is accordingly reversed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.