No. 12,786.

AHLF *v.* KING, ADMINISTRATOR.
(298 Pac. 647)

Decided April 6, 1931.

Mr. CHARLES M. ROSE, for plaintiff in error.

Mr. L. E. LANGDON, Mr. RALPH L. NEARY, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

Ada F. Ahlf, plaintiff in error, hereinafter referred to as plaintiff, or widow, in an estate matter pending in the county court, moved for an appraisal of the specific items of property allowable to her as widow, under the provisions of section 5347, C. L. 1921, and amendments thereto, and filed her application for widow's allowance; both the motion and application were resisted by J. D. King, administrator de bonis non of the estate of John McCarthy, deceased, hereinafter referred to as administrator, and upon their denial, a proper judgment was entered, to review which this writ is prosecuted.

John McCarthy, husband of the plaintiff, died intestate on June 30, 1925, leaving plaintiff as his sole and only surviving heir at law; on July 7, 1925, plaintiff was appointed administratrix of her deceased husband's estate, and as such continued until her final discharge on November 7, 1927. On February 19, 1930, the county court appointed defendant as administrator de bonis non of the estate of John McCarthy, deceased, and as such administrator, defendant has in his possession approximately $1,300. No widow's allowance, as such, was given plaintiff in the estate of which she was administratrix, and she made no application therefor, but she did receive, approximately, the sum of $20,000 as heir at law.

Upon the appointment of defendant as such administrator, plaintiff sought a widow's allowance, while Joseph McCarthy, a brother of the deceased, sought the funds in the hands of King, to apply upon a claim which he had against the estate, evidenced by a promissory note of the deceased, in an amount more than sufficient to exhaust the entire fund in the hands of the administrator, which note had never before been presented as a claim against his deceased brother's estate. The widow's allowance would more than exhaust the funds, and the question for determination is whether or not the widow's allowance has been paid, and/or she has waived her right to claim it, and/or she is estopped from asserting a right to such allowance.

■ A claim for a widow's allowance is part of the expense of administration; *Grover v. Clover,* 69 Colo. 72, 74, 169 Pac. 578; *Hale v. Burford,* 73 Colo. 197, 200, 214 Pac. 543; *Remington v. Remington,* 72 Colo. 132, 133, 209 Pac. 802.

On September 15, 1927, a verified petition for partial distribution was filed in the county court by plaintiff, in which it is stated: ''Your administratrix further shows to the court that all debts and claims against said estate, except balance of court costs, premium on her bond as administratrix and attorney's fees incurred on behalf of said estate, have been paid, and that as to said items your petitioner states that she individually assumes liability therefor and will pay same.'' On November 7, 1927, plaintiff filed her verified final report in the estate matter in which is stated: ''That pursuant to the petition and order for partial distribution, she has paid *all costs of administration,* including attorney's fees, and that there are no *unpaid debts or claims* of any kind against said estate or against this administratrix.'' On November 7, 1927, a decree of final settlement and determination of heirship was made and entered, in which the following appears: ''And it further appearing to the court, and the court doth find, that due notice to creditors was given in the manner and as required by law, and that all claims allowed by the court against said estate and all costs of administration have been paid and fully discharged.''

■ The deceased having died intestate, his widow being his sole heir at law and the estate having a net value of more than $2,000, in any event she could have received only the net value of the estate so that, in such circumstances, from a legal as well as practical standpoint, it is immaterial whether she received the sum of $2,000 as a widow's allowance or its equivalent as heir at law.

The widow received about $20,000 from her deceased husband's estate; she did not ask nor was she granted any part thereof specifically as a widow's allowance, and yet she suffered no financial loss. Joseph McCarthy,

whose claim was not presented and allowed in the original proceeding, found "other estate of the deceased not inventoried or accounted for by the executor or administrator" as contemplated by section 5331, C. L. 1921, and under the circumstances of this case, to award this fund to the widow would be wholly inequitable and unjust. Her widow's allowance was satisfied, and the court was right in denying the appraisal and allowance.

There are other assignments, which we do not deem meritorious, and a discussion thereof will not be necessary in view of our determination.

Judgment affirmed.