No. 12,932.

EISENBERG *v.* REININGER, ADMINISTRATRIX.

(10 P. [2d] 945)

Decided November 2, 1931.   Opinion adhered to April 25, 1932.

Mr. LOUIS A. HELLERSTEIN, for plaintiff in error.

Miss MARY F. LATHROP, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

EDNA D. M. Reininger, defendant in error, was appointed administratrix of the estate of her husband, Morris Reininger, a druggist, who died May 30, 1930.   By

order of the Denver county court, she continued to operate deceased's drug store business at 1894 South Pearl, the premises being rented from plaintiff in error, Mary Eisenberg, at a rental of $65 per month. Of the total amount, $715, so due for rent, the administratrix paid $371.50, leaving a balance of $343.50 which amount was allowed by the county court as an expense of administration and a statutory claim of the second class.

Upon petition of defendant in error, she was allowed a widow's allowance of $2,000, also adjudged to be an expense of administration, and of the second class. Other claims incident to said operation of the drug store were allowed as second class demands. Thereafter upon petition of the administratrix and over the objection and exception of plaintiff in error, the court ordered a twenty-five per cent distribution on said claims, including the widow's allowance, as expenses of administration. Upon appeal, the district court affirmed the judgment of the county court holding that "the claim of Edna D. M. Reininger, widow, for the sum of two thousand ($2,000.00) dollars, as a widow's allowance, is an expense of administration and a second class claim against this estate."

A single question is here presented. Is a widow's allowance payable as a second or fourth class claim? The pertinent provisions of section 5331, C. L. '21, are:

"All demands against the estate of any testator or intestate shall be divided into classes in manner following:

\* \* \* \* \* \* \*

"Second—Expenses of administration and settlement of the estate, shall comprise the second class.

\* \* \* \* \* \* \*

"Fourth—All allowances to the widow, wife or orphan made as provided by law shall compose the fourth class."

This statute is definite, certain and mandatory and must be construed according to its plain and indisputable intendment. Demands which are legally adjudicated under classification first, second and third, take prece-

dence over a widow's allowance which is a demand of the fourth class.

In *Wilson v. Wilson,* 55 Colo. 70, 72, 132 Pac. 67, we held: "The statutory allowance to the surviving wife is a provision for her support, and is given independent of her distributive share in her husband's estate. While it cannot be treated as a debt against the estate, it is a claim to be preferred over legatees and distributees, and all other claims against the estate of her deceased husband, except debts due the United States, liens for taxes, and vendors' and landlords' liens, necessary administration expenses and expenses of last sickness and funeral."

In *Hale v. Burford,* 73 Colo. 197, 200, 214 Pac. 543, it is stated: "This court has held that the widow's allowance is not a debt or demand of that nature, that it is not a debt of, or an interest in, the estate, but a preferred claim, in the nature of costs of administration superior to claims of the fifth class, which are ordinary contract debts against the estate."

Defendant in error cites the foregoing and also *Deeble v. Alerton,* 58 Colo. 166, 143 Pac. 1096; *Grover v. Clover,* 69 Colo. 72, 169 Pac. 578; *DeQuintana v. Madril,* 71 Colo. 123, 204 Pac. 483; *Remington v. Remington,* 72 Colo. 132, 209 Pac. 802; *Ahlf v. King,* 88 Colo. 425, 298 Pac. 647 in support of the contention that a widow's allowance properly should be classified as an expense of administration and a claim of the second class. In none of these cases was the question here presented involved or determined.

Pertinent statutory provisions appear to expressly recognize that the widow's allowance, whether awarded in money, personal property or real estate, is subject to the statutory classification of claims. Thus, under C. L., section 5349, if the widow elects to take other property, or the value of the same in money, it is provided that "said allowance [is] to be paid or delivered to her *in its proper order.*"

Further, under C. L., section 5351, when the personal estate is insufficient to pay the allowance and it becomes

necessary to sell real estate for that purpose, "such allowance shall be paid from the proceeds of such sale of real estate *in the same order and manner* as it is entitled to be satisfied out of the personal estate."

Again, under C. L., section 5352, when realty is decreed to widow or child in lieu of sale, it must appear, "that there are no claims against said estate *superior* to such allowance."

The above statutes in pari materia and construed together would seem to afford additional grounds for our conclusion that the statute contemplates other claims against the estate superior to the widow's allowance, and since it expressly designates such allowance as a claim of the fourth class, no other conclusion can be reached.

Our decision must not be construed as a determination that the claim of plaintiff in error was legally of the second class, because this question is not presented by the record and if it were, defendant in error is in no position to resist it. As administratrix, by court order based upon her petition, she continued to operate her husband's business for many months. It would be inequitable and unjust in the circumstances to permit the estate to retain the profits of such venture and not to hold it responsible for losses.

If the widow's allowance were payable as a second class claim on an equality with the claim of plaintiff in error, the estate funds being insufficient to liquidate all such claims in full, a pro rata distribution would be, as here ordered, necessary. Plaintiff in error would thereby be compelled to donate to the estate an amount equal to the balance of rent remaining unpaid after such distribution.

A widow's allowance always should and must be protected whenever possible. Here such protection is unavailing because the widow cannot avoid her acts and obligations as administratrix.

Judgment is reversed and the cause remanded with directions for further proceedings in harmony herewith.

*On Rehearing.*

On rehearing the court adheres to the original opinion, but Mr. Justice Campbell, Mr. Justice Butler and Mr. Justice Burke dissent.

Mr. Justice Butler, dissenting.

I am unable to concur in the decision.

In 1929 the Legislature amended section 5347, C. L. of 1921, so as to read: "If any decedent leaves a widow residing in this state, in all cases she shall be allowed to have and retain *as her sole and separate property,* the sum of two thousand dollars in cash, or at her election, the equivalent thereof in value of real and/or personal property, to be set aside and awarded in the manner now provided by law. * * *" S. L. 1929, p. 640, c. 184. The quoted words down to and including those italicized were carried forward from section 5347, supra. Under C. L. section 5350, the court appoints an appraiser, who estimates the value of the property allowed to the widow. That constitutes the setting aside and awarding of the widow's allowance. Of course, when the widow elects to take all of her allowance in cash, no appraisal is necessary.

The purpose of the widow's allowance is promptly to furnish support to the widow and children when the need is most urgent; that is to say, before the distribution of the property, which takes place at the close of the administration of the estate, and may not occur until the expiration of several months, or even years. The language of the Act of 1929, supra, is that the widow may have and retain the property as "her sole and separate property." It is obvious that if the property is the property of the estate, it cannot be the sole and separate property of the widow; and it is no less obvious that if it is her sole and separate property, it cannot be the property of the estate. It is my belief that there is no lawful warrant for applying the widow's sole and separate prop-

erty to the payment of any of the claims or demands against the estate, or to the payment of the expenses of administering the estate. The sole and separate property of no other person can be so applied; how, then, can the widow's?

Nor, in my opinion, does the fact that the widow, as administratrix, incurred the expense for rent while operating the business under order of court, subject her sole and separate property to the payment of the rent, or any part thereof. The status of a widow and that of an administratrix are separate and distinct. An administratrix or administrator of an estate may be, and is sometimes, a person other than the widow. Mrs. Reininger's action as administratrix subjected the property of the estate, not the widow's sole and separate property, to the payment of the rent.

The provision in section 1 of the Act of 1911, being section 5331, C. L., attempting to classify the allowance to widows and orphans as fourth class demands against the estate, and the other statutory provisions cited in the majority opinion, that seem to recognize such classification, are in irreconcilable conflict with the Act of 1929, supra. All cannot stand. The former provisions, which are at variance with and defeat the humane purpose of the allowance to widows and orphans, should give way to the latter provision, which is in harmony with and accomplishes that purpose.

The widow, notwithstanding her right to a more favorable order, acquiesced in the order that she be paid her allowance as a demand of the second class. She makes no complaint of that order. The judgment, it seems to me, should be affirmed.

Mr. Justice Campbell and Mr. Justice Burke concur herein.