No. 13,968.

WEAVER, ADMINISTRATRIX *v.* DUGAN, ADMINISTRATOR.

(60 P. [2d] 227)

Decided July 13, 1936.

Mr. DAVID L. MILLS, Mr. JOSEPH H. Ross, for plaintiff in error.

Mr. LUKE J. KAVANAUGH, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

THAT certain real property might be decreed to have belonged to her intestate at the time of decease, and made available for the payment of debts allowed against his estate, an administratrix sued to recover the property. It is moved to dismiss her writ of error prosecuted to an adverse judgment, on two grounds: (1) That the action does not survive as against the administrator of an estate; (2) that the facts alleged do not constitute a cause of action, for that, as said, only the heirs of plaintiff's

intestate can maintain proceedings to recover real estate alleged to have belonged to him.

1. It appears that subsequent to lodging the record on error, defendant in error died; that thereafter counsel representing him at trial moved that the administrator of his deceased client's estate, for whom he appeared, be substituted as defendant in error. On that motion, counsel for plaintiff in error appearing and consenting thereto, we ordered substitution. Considering that counsel responsible for the state of the record now challenges that which came of his initiation, we are disposed to defer examination of this point until final submission. We are constrained to add, that, while the disposition we make of point 2, following, sustains plaintiff in error's right, as administratrix, to maintain the suit in the first instance, whether she may do so on error (a new suit) against the administrator of defendant in error perhaps presents a different problem. Counsel will address themselves to the question as advised.

2. We think that by authority of section 5262, C. L. 1921 (§7140 R. S. 1908), as interpreted in *Grover v. Clover*, 69 Colo. 72, 169 Pac. 578, and *Regan v. Turner*, 69 Colo. 194, 193 Pac. 557, plaintiff's allegations presented a maintainable suit. See, also, chapter 250 Session Laws 1921 (Sections 5273-5275 C. L. 1921). The sum of the charge was that duly allowed claims against the estate she represented had not been paid, and that other than the real estate sought to be recovered the estate had no assets. She further alleged that she brought suit by authority of the county court of her appointment. §5273 C. L. 1921.

Let the motion to dismiss be denied.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE BUTLER concur.