No. 14,396.

ESTATE OF ELAM.

ELAM, BY CLARK, GUARDIAN *v.* INTERNATIONAL TRUST COMPANY ET AL.
(89 P. [2d] 243)

Decided March 27, 1939.

Mr. W. E. CLARK, for plaintiff in error.

Messrs. VAN CISE, ROBINSON & CHARLTON, Mr. J. E. ROBINSON, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

THE question for decision has to do with the status of a minor's allowance against her father's estate. The district court, as had the county court originally, adjudged that the allowance to the minor ranked as a claim of the fourth class.

It appears that the minor's father died December 22, 1933, and that his will was admitted to probate April 9, 1934, in the Denver county court; that December 18, 1935, the minor, plaintiff in error, filed a petition for an allowance under the provisions of chapter 109, Session Laws, 1935; that September 23, 1936, the petition was granted and an allowance in the sum of $2,000 was adjudged, but the claim was not classified; that April 6, 1937, the minor petitioned for an order requiring the executor of the estate to pay the allowance which had been adjudged, and on consideration of that petition came the determination by the county court, and on appeal, by the district court, to the effect that the allowance adjudged to the minor constituted a claim of the fourth class. Importance attaches because claims more favorably classified likely will exhaust the estate.

At the time the decedent passed we had a statute reading as follows: "If any decedent leaves a widow residing in this state, in all cases she shall be allowed to have and retain as her sole and separate property, one bed and bedding, wearing apparel of herself and family, one cow and calf, one saddle and bridle, one horse, household furniture for herself and family, and also the same amount and species of property as is or may be by law exempt from execution, not to exceed in any event the sum of two thousand dollars in value. If there be no widow, but an orphan minor child, or children, such child or children shall be entitled to the same rights of allowance as a widow, to be allowed in the same manner and paid to a guardian for such child or children. * * *." C. L. 1921, §5347. The classification-of-claims statute, then and hitherto, after designating the nature of claims of the first, second and third classes, provided: "Fourth—All allowances to the widow, wife or orphan made as provided by law shall compose the fourth class." '35 C. S. A., c. 176, §195. Construing these two statutes, we have held that an allowance to a widow under the first statute constitutes a fourth class claim under the second statute. *Eisenberg v. Reininger, admrx.,* 90 Colo. 511, 10 P. (2d) 945. The same rule necessarily would apply in the case of a minor, as here.

However, since the death of decedent and the admission of his will to probate, but prior to the time the minor filed her claim for an allowance and the order made thereon, section 5347, supra, was amended and based thereon the minor urges that her allowance should enjoy a preferred status—have precedence over "any indebtedness or liability of the decedent." '35 C. S. A., c. 176, §211. As amended, the section reads: "§211. If any decedent leaves a widow residing in this state, upon her application, or that of her conservator, if she be mentally incompetent, she shall be allowed to have and retain as her sole and separate property the sum of two thousand dollars ($2,000.00) in cash, or at her election, the equivalent

thereof in value of real and/or personal property and/or cash, to be set aside and awarded in the manner provided by law. Provided, however, if any decedent leaves such widow and a minor child or children, the step-child or step-children of such widow, in such case such allowances to the widow shall be limited to one thousand dollars ($1,000.00) in cash or its equivalent in real and[or personal property and/or cash, and the legal guardian or next friend appointed by the court for such child or children shall select and receive the balance of such allowance to be used for the exclusive benefit of such child or children. If there be no widow residing in this state, or if the widow die before the allowance is set over but an orphan minor child or children of such widow or of her deceased husband survive, such child or children shall be entitled to the same rights of allowance as a widow, to be allowed in the same manner and paid to a guardian or next friend appointed by the court for the child or children. If the decedent be a woman, and at the time of her death left an orphan minor child or children whose male parent was not living or who was divorced from such woman, or had deserted her and such child or children at the time of the death of such decedent, such child or children shall be entitled to the same rights of allowance as a widow would be allowed, in the same manner, and paid to the guardian or next friend appointed by the court for such child or children; provided, however, that such allowance shall not be liable to attachment or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or by operation of law, to pay any indebtedness or liability of the decedent.''

It is contended by defendants in error that however the amended statute may be interpreted when its construction shall be necessary for a decision, it does not have application here. The argument is that the statute in force at decedent's taking is controlling; and that appears to be the rule. A review of our decisions

discloses that an allowance of the nature under consideration always has been regarded as a "claim" and subject to classification. See cases cited in *Eisenberg v. Reininger, admrx., supra.* "The rights of creditors and the relative priorities of their claims become fixed at the time of the debtor's death, and the law then in force controls." 24 C. J., p. 421, §1156. "The rights of creditors, as to the matter of the order in which the demands shall be paid, are fixed by the laws in force at the time of the death of the decedent." *Chicago Title & Trust Co. v. McGlew,* 193 Ill. 457, 61 N. E. 1018. In a corresponding situation, the Supreme Court of Alabama said: "All the rights which the family of the deceased had in property of the estate, exempt from administration, accrued to and vested in them and by virtue of the laws upon that subject which were in force at the time of the death of the husband." *Taylor, admr. v. Pettus,* 52 Ala. 287. In the same case, speaking of an act of the Alabama legislature passed subsequent to the death of the decedent—relied upon as changing the situation—the court said: It "was not intended to have, nor can it have, any retroactive operation." Another case in point is *Swayze, admrx. v. Wade,* 25 Kan. 551. There, as here, reliance was upon a statute effective after the decease of the intestate. "That act, therefore," said the court, "cannot be said to confer or grant any exemption to the widow or children of the deceased, because the statute has a prospective operation only, as its terms do not show clearly any legislative intention that it should operate retrospectively. Even if the legislature had intended that the act should operate retrospectively, it is doubtful whether such an exercise of power would be legitimate."

We cannot think the act of 1935 was intended to have other than prospective effect, and since the trial court resolved in that view, let the judgment be affirmed.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE BOCK concur.