## No. 15,443.

WIGINGTON ET AL. *v.* WIGINGTON, ADMINISTRATRIX ET AL.
(145 P. [2d] 980)

Decided February 7, 1944.

Mr. Horatio S. Ramsey, Mr. Harry E. Stevens, for plaintiffs in error.

Mr. V. H. Johnson, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Claim for widow's allowance was sustained by the court and the other heirs prosecute this writ, assigning error because the claim was not verified, did not allege that the widow was a resident of Colorado, and was not filed within six months of the issuance of letters of administration.

The controlling statutes are section 17, page 909; section 22, page 911; and section 24, page 912, all of chapter 235, Laws 1941. So far as here pertinent these provide, "All demands against the estate" etc., are divided into five classes. "All allowances to the widow, wife or orphan made as provided by law shall compose the fourth class." Claims shall be filed "by filing or lodging in the court * * * the account or instrument of writing or an exemplification of the record whereon such claim is founded, to which oath of the claimant shall be made that the claim is just and unpaid * * *." Said chapter 235, Laws '41 consists of thirty-nine sections amendatory of chapter 176, '35 C.S.A. No change was there made in fourth class claims. Section 199 of said chapter 176 provided that all claims "may" be filed at any time within six months, and section 205, id., that claims shall be paid in order of their class and, if necessary, pro rata. Said section so stands. Section 211 of said chapter 176, '35 C.S.A., provides, "If any decedent leave a widow *residing in this state*" etc. "If there be no widow *residing in this state*," surviving orphans may claim the allowance. Section 24, chapter 235, page 912, Laws 1941, provides that all claims *shall* be filed within six months

of the issuance of letters or "be forever barred" (Except claims of the second class, i.e., expenses of administration). Section 27, chapter 235, page 913, Laws 1941, provides that immediately after the expiration of the six-months period for filing claims the estate may be closed.

Letters of administration issued herein May 13, 1942. The application for widow's allowance was filed and granted April 7, 1943. Motion to vacate the order was filed June 10, 1943, and denied August 24 following.

■ While the widow's allowance is in the nature of costs of administration it is not a claim of the second class but of the fourth. *Hale v. Burford,* 73 Colo. 197, 199, 214 Pac. 543; *Eisenberg v. Reininger,* 90 Colo. 511, 512-14, 10 P. (2d) 945.

The request for allowance asks that out of her $2,000 the widow be given eighteen items of personal property at their appraised value, i.e., $1,083, and that she be awarded the balance in cash.

■ ■ While the act of 1941 is so recent that the questions here raised have not as yet been before this court, it seems to us perfectly apparent from the foregoing that the claim for widow's allowance must be filed within six months from the issuance of letters, must be sworn to, and must state that the widow is a resident of Colorado. That it so state and be sworn to is specifically required by the acts above cited. That it be filed within six months of the issuance of letters is equally apparent from the provision that all claims must be so filed. Moreover, this follows as a matter of necessity, otherwise the provision for the closing of estates within six months is defeated. The widow may claim her allowance or waive it. She may take specific items or cash. Until her position is made known, or her right is terminated by limitation, property of the estate cannot be disposed of and claims against it, more particularly those of the fifth class, can often not be settled.

For the foregoing reasons the judgment is reversed.