# E. B. PRESTON v. STATE.

No. A-1762.   Opinion Filed March 21, 1914.

(139 Pac. 538.)

1.   **HOMICIDE—Assault with Intent to Kill—Evidence.** In a prosecution for assault with intent to kill, where there is conflicting evidence as to whether or not the person assaulted was armed at the time the assault was made, it is not error to permit the state to show that within a short time after the assault a search was made by the persons who cared for the victim, and that no weapons were found on his person or about his clothing.

2.   **TRIAL—Refusal of Instructions Covered.** Where the charge of the court, considered as a whole, fully and fairly presents the law of the case, it is not error to refuse to give an instruction when the same has, in substance, already been given.

3.   **NEW TRIAL—Newly Discovered Evidence.** A new trial will not be granted upon the ground of newly discovered evidence, where such evidence is cumulative, or for the purpose of impeachment, or only tends to affect the credibility of a witness.

*Appeal from District Court, Osage County;*
*R. H. Hudson, Judge.*

E. B. Preston was convicted of assault with intent to kill, and appeals.   Affirmed.

*R. B. Boone, Ottamar Hamele,* and *Leahy & MacDonald,* for plaintiff in error.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *H. A. King,* Spl. Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.   Upon an information, filed by the county attorney in the district court of Osage county on the 27th day of February, 1911, charging that E. B. Preston and Maud Preston did, on the 22d day of December, 1910, commit the offense of assault with intent to kill one Ed. Ireland, a trial was had, and Maud Preston was acquitted, and E. B. Preston was found guilty as charged, and his punishment assessed at one year in the penitentiary.

This appeal is prosecuted from the judgment and sentence rendered in accordance with the verdict of the jury on the 29th day of December, 1911.

The state's evidence shows: That plaintiff in error, Preston, and prosecuting witness, Ireland, lived in the same neighborhood, about three-quarters of a mile apart. That on December 22, 1910, Preston and his wife were on their way to Ralston, in an open buggy, when prosecuting witness, about four miles from his home on his way to Ralston, riding horseback, overtook them, and, when he started to ride on by them, Preston told him to stop, and said to him, "Did you tell Jack Cochran that I stole his horse collar?" and prosecuting witness said, "Did Jack Cochran tell you that?" and started to ride by, and Preston pulled an automatic pistol from his overcoat pocket. Whereupon prosecuting witness said he was unarmed, but that, if he would lay his gun off, he would fight him. Thereupon Preston began to shoot; one shot struck the horse in the neck, one struck the horn of the saddle, and four shots struck prosecuting witness, one his arm, one his leg, one his collar bone, and one through his body, all entering from the back. Prosecuting witness rode on about 120 yards, and, coming to a gate opening into a pasture, he turned his horse in there, and Preston shot at him again after he entered the field. He rode on and met some neighbors, who helped him off his horse and sent for a doctor.

The defendant testified in his own behalf that prosecuting witness drew a pistol, and that they both shot about the same time; that the prosecuting witness shot at him again from the pasture; that he shot prosecuting witness in self-defense.

Codefendant, Maud Preston, wife of defendant, testified that the prosecuting witness drew a gun, and she dropped down in the buggy and covered her face with her hands, and did not see the shooting.

In rebuttal prosecuting witness denied that he had a gun or pistol, and his wife testified that he was not the owner of a pistol.

The first alleged error complained of is that the court erred in admitting the testimony of Chris Wilcox and Estes Rhodes.

These witnesses testified that they helped prosecuting witness off of his horse and carried him to Mr. Wilcox's house, and there helped to undress him, and that he did not have a gun, pistol, or weapon of any kind about his person or clothing.

Defendant and his wife each testified that the prosecuting witness had a pistol. On a trial for assault with intent to kill, where there is conflicting evidence as to whether the person assaulted was armed when the assault was committed, it is not error to permit the state to show that within a short time after the assault a search was made by the persons who cared for the victim, and that no arms of any kind were found upon his person or about his clothing. *Rogers v. State,* 8 Okla. Cr. 226, 127 Pac. 365.

The contention that this testimony was incompetent and prejudicial is untenable.

Complaint is also made that the court erred in failing to instruct the jury that defendant would have a right to pursue his assailant so long as it reasonably appeared necessary for him to do so to protect himself from receiving great bodily injury or death at the hands of his assailant.

Without further discussion, it is sufficient to say that the instructions of the court fully, fairly, and correctly state the law of the case.

Finally, it is contended that the court erred in refusing to grant a new trial on the ground of newly discovered evidence. The newly discovered evidence set up in the affidavits for a new trial shows that the evidence claimed to be newly discovered is only cumulative and impeaching, and does not make such a showing as to entitle the defendant to a new trial. Ordinarily courts will not grant new trials upon the ground of newly discovered evidence, where it appears that such newly discovered evidence is merely cumulative, or only tends to affect the credibility of a witness.

Finding no error in the record prejudicial to the substantial rights of the defendant, we reach the conclusion that the judgment ought to be affirmed, which is accordingly so ordered.

DOYLE and FURMAN, JJ., concur.