No. 10,897.

Isbell-Kent-Oakes Dry Goods Co., et al. *v.* Larimer County Bank and Trust Co., et al.

Decided May 5, 1924. Rehearing denied June 2, 1924.

Action involving the garnishment of a widow's allowance. Garnishee discharged.

*Reversed.*

*On Application for Supersedeas.*

1. Appellate Practice—*Motion to Strike.* Motion to strike affidavits used in the trial court, and not made a part of the record by bill of exceptions, granted.

2. Garnishment—*Widow's Allowance.* A widow's allowance held subject to garnishment under section 129, Code '21.

3. Public Policy—*Widow's Allowance—Garnishment.* Whatever the public policy may be as to garnishment of a widow's allowance, the statute controls. Policy in such a case is for the consideration of the Legislature and not the courts.

4. Widow's Allowance—*Custodia Legis.* A widow's allowance which has been ordered paid, is not in custodia legis.

5. Time—*Garnishment.* Where an order for a widow's allowance and service of garnishment summons affecting the same, are made on the same day, they are presumptively at the same time.

6. Widow's Allowance—*Fourth Class Claim.* A widow's allowance is properly allowed as a claim of the fourth class against the estate, and constitutes a judgment against the administrator.

7. Exemptions—*Widow's Allowance.* Section 5920, C. L. '21, gives a widow only the exemptions expressed in c. 48, R. S. '68, which do not include the widow's allowance.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Mr. Frederick P. Cranston, for plaintiffs in error.

Mr. J. W. Kelley, Messrs. Simpson & Seaman, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

UPON examination of the record and briefs we ordered the record supplemented. The defendants in error moved to strike the supplement. It consists of affidavits used below upon motion to discharge the garnishee which have never been made a part of the record by bill of exceptions. The motion must be granted.

Plaintiffs in error brought attachment against Gertrude Dubinsky, widow of Simon Dubinsky, and garnished the Larimer County Bank and Trust Company, administrator of his estate. The garnishee's answer shows that the widow's allowance had been allowed by the county court as a claim of the fourth class, and the briefs admit that payment had been ordered. The garnishee was discharged and the plaintiffs bring error.

1. It is claimed that the widow's allowance is exempt from garnishment by public policy. Code of 1921, §§ 129 and 157 provides that a plaintiff may garnish "the credits, * * * debts, choses in action and other personal property of the defendant in the possession or under the control of any third person, as garnishee. * * *" Whatever the public policy may be, the express terms of the statute must control. Policy in such case is for the consideration of the legislature, not the courts.

2. It is said that the widow's allowance was *in custodia legis*. Not so. It had been ordered by the court to be paid to her and the administrator had no duty but to pay it. It was a debt from him to her.

3. It is claimed there is no proof of service of garnishment summons after the order of payment, but it appears that the order and service were on the same day; they were therefore presumptively at the same time (38 Cyc. 314-315; 30 L. R. A. 380, note; *Levy v. Chicago Nat. Bank*, 158 Ill. 88, 42 N. E. 129), and if so it is sufficient because in such case the *custodia legis* is not disturbed, and fear of such disturbance is the only reason for claiming that the service

may not be before the order. Moreover, even if this were not so, the widow's allowance had been long before allowed as a fourth class claim. This was correct under the statute, C. L. § 5331, and constituted a judgment against the administrator, C. L. § 5340, which created the relation of debtor and creditor, so that there could be no further question of the custody of the funds of the estate. In *Wilson v. Wilson*, 55 Colo. 70, 132 Pac. 67, the court adopted the theory that the widow's allowance was a claim against the estate and not an interest in it. This was approved in *Deeble v. Alerton*, 58 Colo. 166, 171, 143 Pac. 1096, Ann. Cas. 1916 C, 863, and again in *Remington v. Remington*, 72 Colo. 133, 209 Pac. 802. The remarks in those cases apparently at variance with our conclusions here were not essential to the conclusions there. It does not appear that there was any prior indebtedness of the estate which would exhaust the fund; indeed, the contrary appears by the answer of the garnishee; but if there were, it would only require the court to make its judgment against the garnishee payable only in the order of its priority under the statute, like any other claim allowed against the estate or judgment against an administrator. 28 C. J. 133; *Cutter v. Perkins*, 47 Me. 557; *Ottumwa Nat. Bank v. Norfolk*, 185 Iowa, 1334, 172 N. W. 3.

4. The defendant in error claims that the widow's allowance is exempt under C. L. § 5920. That section, however, gives her only the exemptions expressed in R. S. 1868, Ch. 48, which do not include the widow's allowance.

Both parties ask us to decide the case on the motion for supersedeas.

Judgment reversed and cause remanded for further proceedings not inconsistent herewith.