No. 11,445.

LARIMER COUNTY BANK AND TRUST CO., ET AL. *v.* COLORADO RUBBER CO., ET AL.

Decided February 1, 1926.

Proceeding for distribution of funds in the hands of an administrator. Order of distribution by district court.

*Affirmed.*

*On Application for Supersedeas.*

1. GARNISHMENT—*Priority of Liens.* Garnishment under execution held properly subordinated to garnishment under writs of attachment theretofore served on the same creditor, although the latter were, as a precautionary measure, again served on the same date as that issued under the writ of execution.

2. EXECUTORS AND ADMINISTRATORS—*Distribution of Funds.* Where an administrator, pursuant to his bill of interpleader, deposits funds of an estate with the district court clerk under an order of court, he has no further concern with their distribution.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Messrs. SIMPSON & SEAMAN, Mr. J. W. KELLEY, Mr. GEORGE A. CROWDER, for plaintiffs in error.

Mr. FREDERICK P. CRANSTON, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Larimer County Bank & Trust Company, as administrator of the estate of Simon Dubinsky, brought a bill of interpleader in the Denver district court against the Colorado Rubber Company, the Isbell-Kent-Oakes Dry Goods Company and Samuel Gordon, and deposited in court the whole fund in controversy remaining in its hands, $1,000. Findings and decree were entered upon which the administrator and Gordon bring error and make separate assignments.

Gertrude Dubinsky was granted a widow's allowance of $2,000, which numerous creditors sought to appropriate. We held it might be garnished on attachment against her. *Isbell-Kent-Oakes Co. v. Larimer County Bank,* 75 Colo. 451, 226 Pac. 293. The Isbell-Kent-Oakes Company and the Colorado Rubber Company had attachments in the hands of the sheriff of Larimer county, from the district court of that county, and Gordon an execution from the district court of Denver. By virtue of these writs the sheriff served on the administrator garnishment summonses, first under the Isbell-

Kent-Oakes, next under the Colorado Rubber Company and last under the Gordon writ, and the court in the present case marshalled the liens in that order and directed payment accordingly.

Gordon claims that, since the writs were all in the sheriff's hands on the same day, equity requires that they be served all at once and regards that as done. It appears, however, that some nine days before the garnishments above mentioned the defendants in error served garnishments on the administrator. The widow's allowance had then been granted but not ordered paid. After it was ordered paid they garnished again by way of precaution. In *Isbell-Kent-Oakes Co. v. Larimer County Bank, etc., supra,* we held both garnishments good. The district court was therefore right when it subordinated Gordon's claim to those of defendants in error and its decree in that respect must accordingly be affirmed.

The grievance of the administrator is that instead of settling matters entirely and enjoining further proceedings against it by these garnishers, the district court ordered the $1,000 paid to the clerk of the district court of Larimer county, to be held subject to the order of that court in so far as the rights of the defendants in error might be involved, any balance remaining to be paid by that clerk to Gordon.

We do not see that the administrator needs any further protection. It has disposed of the whole fund in a legal manner and is in a position to account for it to the county court. What further concern has it with the case?

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.