ERNESTINE L. Brimble, plaintiff in error, claimed a widow's allowance from the estate of David Brimble. The county court allowed the claim, but, on appeal, the district court denied it, and she brings error.
David Brimble and Ernestine were married July 20, 1914. December 5, 1914, they entered into an agreement whereby, after reciting their marriage and inability to continue marital relations and further reciting certain payments by him to her as a consideration, they agreed: (1) To forthwith cease such relations and that she would not demand their resumption. (2) That he would give her certain money and property, the receipt of which she acknowledged "in full satisfaction of all obligations of" him "for her future support and in full satisfaction of all other obligations on his part as hereinafter more particularly set forth," and (3) She agrees "that she will not at any time hereinafter seek, ask, demand or *Page 496 
require in any manner, any moneys of any nature as and toward her support; and that in the event at any future time any proceedings in divorce are had by either of the parties hereto she will not in such proceedings make any demand and will not accept or receive any moneys or thing of value in the nature of alimony," and (4) Each agrees "to and with the other, and to and with the personal representatives and heirs of the other, that each will and does hereby waive any and all claim of every kind and nature in and to any moneys, real and personal property and other assets of every kind that might be due to either from the estate of the other as widow or husband or heir or in any other manner."
The parties thenceforth lived apart until 1926, when David died. They had no children and were never divorced. Was the widow entitled to the allowance? It seems clear that she was not. By paragraph 4, just quoted, she waived her right to anything "that might be due" to her "from the estate" of her husband "as widow." The widow's allowance, being a claim against the estate (Dry Goods Co. v. Bank Trust Co.,75 Colo. 451, 226 P. 293; Wilson v. Wilson, 55 Colo. 70,77, 132 P. 67; Remington v. Remington, 72 Colo. 132,209 P. 802), is "due from the estate," and without question is due to her "as widow"; indeed we believe it is the only thing that is so due. Then she has waived it.
It is claimed that a waiver of the widow's allowance must be express. Deeble v. Alerton, 58 Colo. 166,143 P. 1096, Ann. Cas. 1916 C, 863; Wilson v. Wilson,supra. If that means that the words "widow's allowance" must be used, we do not agree with it. This court has not so held. If it means that there must be some term which clearly comprehends the scope of those words, it is here, as we have shown above, and admits of no doubt. In Deeble v. Alerton, supra, the wife expressly surrendered nothing. In Wilson v. Wilson, 55 Colo. 70,132 P. 67, there was no term in the agreement which necessarily included the widow's allowance and it *Page 497 
appears that support was due from the husband. That a waiver in general terms broad enough to cover the widow's allowance is valid see 13 R. C. L. 1041, and cases there cited, some of which are cited below.
It is suggested that the contract in question is void because it is an agreement between man and wife to separate, but the law seems to be that, while an agreement to separate in future is unlawful, an agreement of settlement after separation or providing for separation forthwith is not so. 13 C. J. 465, 30 C. J. 1059;* Danielsv. Benedict, 97 Fed. 367. The last is the nature of the present agreement. It, therefore, is not unlawful as an agreement to separate.
It is suggested that the widow's allowance cannot be waived, that it is inalienable. This, however, seems not to be the law. 24 C. J. 251, 252, 255, citing many cases, among which are Kroell v. Kroell, 219 Ill. 105,76 N.E. 63, 4 Ann. Cas. 801, distinguishing Phelps v. Phelps,72 Ill. 545, 22 Am. Rep. 149; Rieger v. Schaible, 81 Neb. 33,115 N.W. 560, 17 L.R.A. (N.S.) 866; Chaffee v. Chaffee,70 Vt. 231, 40 Atl. 247; Noah's Estate, 73 Cal. 583,15 P. 287, 2 Am. St. Rep. 229; Hollenbeck v. Pixley, 3 Gray (Mass.) 521.
Then too, we should remember that this alienation is not a mere peril against which the widow should be protected, but a privilege by which she may, in her husband's lifetime, secure something of value in exchange for what, unless she survives him, will never exist. The allowance then is not inalienable. In this state the allowance cannot be inalienable, at least after its award by the court, since we have held that it may then be garnished.Dry Goods Co. v. Bank Trust Co., 75 Colo. 451,226 P. 293.
It is urged that public policy requires that widows and orphans be supported out of the estate, and that is true, but it does not demand that a woman who for a *Page 498 
consideration has surrendered her marital rights, expressly including her right to the support of her husband during his life, should have that support after his death. The basic reason for the widow's allowance is that it is his duty to support her. If there were children different questions would be presented which we do not now consider.
Judgment affirmed.
MR. JUSTICE CAMPBELL, MR. JUSTICE WHITFORD and MR. JUSTICE ADAMS dissent.
* The cases are too numerous to cite.