No. 12,763.

VINCENT *v.* MARTIN, EXECUTOR ET AL.

(11 P. [2d] 1089)

Decided May 31, 1932.

Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. JAMES P. VEERKAMP, for defendants in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

ANNA Meyers Vincent, plaintiff in error, prosecutes this writ to review an order of the county court disallow-

ing her claim for a widow's allowance from the estate of Joseph Fleet Vincent.

It appears that the plaintiff in error and Vincent, father of six children by a former wife, were married December 16, 1912, their ages then being 43 and 62 respectively. On July 6, 1929, a contract was entered into between Vincent and his wife whereby each waived the right to inherit from the other. It was therein provided that Vincent "will and bequeath to the party of the second part [plaintiff in error] any and all articles of furniture and household goods of which he may die possessed and also the sum of Fifteen Thousand Dollars ($15,000.00) * * * and the party of the second part, in consideration of the mutual covenants and agreements herein contained, hereby agrees to accept said bequests of said furniture and household goods and said sum of Fifteen Thousand Dollars ($15,000.00) in full satisfaction of any and all rights of dower, statutory allowances and rights of inheritance as surviving widow."

Pursuant to the terms of this contract, a will was executed by Vincent and appended thereto was a statement of plaintiff in error that "I have read the above and foregoing Last Will and Testament of Joseph Fleet Vincent and understand its contents, and hereby consent to the provisions thereof and to the bequests and devises therein made." About a year after the execution of the contract and the will Vincent died.

It is urged that the judgment of the lower court should be reversed because the contract is without consideration, inequitable and its terms are not sufficiently specific to include a waiver of a widow's allowance.

[1, 2] The record fails to disclose that the contract is inequitable and without consideration. Neither fraud nor undue influence was charged or proven. Thereby plaintiff in error agreed to accept the bequests of household goods and fifteen thousand dollars "in full satisfaction of any and all rights of dower, statutory allowances and rights of inheritance as surviving widow." If the

words "statutory allowances" were not intended to and do not actually include a widow's allowance they are meaningless because there is no statutory allowance to a widow except a widow's allowance.

The case of *Brimble v. Sickler,* 83 Colo. 494, 496, 266 Pac. 497, is directly in point and conclusive of the question here presented. Therein a contract containing a waiver of "any and all claim of every kind and nature in and to any moneys, real and personal property and other assets of every kind that might be due to either from the estate of the other as widow or husband or heir or in any other manner" was held to include a widow's allowance.

Therein the court stated: "Was the widow entitled to the allowance? It seems clear that she was not. By paragraph 4, just quoted, she waived her right to anything 'that might be due' to her 'from the estate' of her husband 'as widow.' The widow's allowance, being a claim against the estate *(Dry Goods Co. v. Bank & Trust Co.,* 75 Colo. 451, 226 Pac. 293; *Wilson v. Wilson,* 55 Colo. 70, 77, 132 Pac. 67; *Remington v. Remington,* 72 Colo. 132, 209 Pac. 802), is 'due from the estate,' and without question is due to her 'as widow'; indeed, we believe it is the only thing that is so due. Then she has waived it.

"It is claimed that a waiver of the widow's allowance must be express. *Deeble v. Alerton,* 58 Colo. 166, 143 Pac. 1096, Ann. Cas. 1916C, 863; *Wilson v. Wilson, supra.* If that means that the words 'widow's allowance' must be used, we do not agree with it. This court has not so held. If it means that there must be some term which clearly comprehends the scope of those words, it is here, as we have shown above, and admits of no doubt."

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.