No. 14,177.

ESTATE OF WILLIAMS.

WILLIAMS ET AL. *v.* POLLARD.
(72 P. [2d] 476)

Decided October 11, 1937.

Mr. B. A. GATES, for plaintiffs in error.

Mr. MORTON M. DAVID, Mr. NATHAN I. GOLDEN, for defendant in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

John H. Williams and Mary E. Williams were husband and wife. Prior to their marriage, which was somewhat late in their lives, each had acquired and then owned certain real and personal property. Mrs. Williams had been married previously and had a daughter and son—Hazel L. Pearman, and the defendant in error, John B. Pollard—by such prior marriage. John H. Williams had no children and no child was born as issue of his marriage with Mary E. Williams.

In 1933, after two or three consultations on the subject with their attorney, Mr. and Mrs. Williams contemporaneously executed separate wills, each giving to the other a life estate in all the property of which they died seized and possessed, with remainders in the case of Mrs. Williams to her children, and in the case of Mr. Williams to his brother and four nieces who appear here as plaintiffs in error.

Mr. Williams died on January 16, 1935, and the will so executed by him was filed for probate in the county court of the City and County of Denver. Subsequently Mrs. Williams filed her written renunciation of any benefits under the will and elected to take her share of the property under the statute. '35 C. S. A., c. 176, §37 (§5185, C. L. 1921). Thereafter she filed a claim for widow's allowance and, there apparently being insufficient cash in the estate to discharge this demand, upon her petition and in accordance with the statute and in lieu of cash, she was awarded lots 13 and 14, block 21, Witter's First Addition to Denver, which Mr. Williams had owned prior to their marriage and at the time of his death. Mrs. Williams died on or about November 30, 1936, and the will previously mentioned as having been executed by her, being not found upon her death, administration of her estate as that of an intestate was commenced in the county court of the City and County of Denver, and where the settlement of both estates is now pending. In the event of the conclusion of the administration of Mrs. Williams' estate, her property, including the above de-

scribed real estate set aside to her from Mr. Williams' estate as her widow's allowance, will pass to her heirs at law.

The plaintiffs in error, claiming to be the residuary devisees and legatees under the will of John H. Williams, on January 26, 1937, filed in the county court in the John H. Williams estate proceedings, what they designate as a "petition for construction of will" in which they assert that the wills of Mr. and Mrs. Williams were contractual, reciprocal and mutual and ask that plaintiffs in error be decreed to be the owners in fee simple, in accordance with the residuary provisions of his will, of the property owned by John H. Williams at the time of his demise, including the realty awarded Mrs. Williams as her widow's allowance. The petitioners further pray that Mrs. Williams' election to take under the statute be set aside and held for naught and that the order for widow's allowance and the award of real property in lieu of cash be vacated. The petitioners also request that all further proceedings in the administration of the Estate of Mary E. Williams as an intestate be enjoined.

The county court upheld the validity of the widow's allowance and award. Plaintiffs in error then appealed the proceedings to the district court of the City and County of Denver which affirmed the decision of the county court and denied plaintiffs in error relief under the petition. In neither court were any findings made with reference to the alleged mutuality of the wills, the view of the courts being that the award to the widow was proper regardless of the character of the wills. In his brief here the defendant in error indicates that the validity of the widow's allowance and award is the sole question in the case and confines his argument to this point upon the theory that the real estate set aside to the widow for her allowance comprised all the property of the estate and if the award is upheld the controversy over the mutual will theory is more or less a moot question. The plaintiffs in error, however, insist in their

brief that the status of other property is involved and present an extended argument relative to the alleged mutuality of the wills. We cannot determine from the record here what the fact is with reference to this dispute, but however this situation may be, it is our conclusion that the judgments of the county and district courts sustaining the widow's allowance and the award in lieu of cash therefor were correct.

■ Under our statute, '35 C. S. A., c. 176, §§195, 211, it has been uniformly held that a claim for widow's allowance is a claim against the estate of her deceased husband and that she is entitled to the allowance independent of her distributive share in her husband's estate. *Brimble v. Sickler,* 83 Colo. 494, 266 Pac. 497; *Hale v. Burford,* 73 Colo. 197, 214 Pac. 543; *Wilson v. Wilson,* 55 Colo. 70, 132 Pac. 67; *Remington v. Remington,* 72 Colo. 132, 209 Pac. 802.

■ The basic reason for a widow's allowance is the primary duty of the husband to support his wife and the statute extends this duty to support her as his widow from the estate funds during the period of administration. *Brimble v. Sickler, supra.* Where the husband leaves a will, the widow is entitled to the allowance regardless of any election under section 37, supra, and whether she intends to claim under the statute or the will. *Hodgkins v. Ashby,* 56 Colo. 553, 139 Pac. 538. The fact that the husband and wife may have executed mutual wills, in itself, and in the absence of any effective waiver of the widow's allowance by the wife, would in no manner change this rule. The plaintiffs in error as a part of their contention assert that the evidence in the case at bar shows such a waiver by Mrs. Williams. In this state it is well recognized, and properly so, that a wife may waive her widow's allowance by contract with her husband. *Brimble v. Sickler, supra; Vincent v. Martin,* 91 Colo. 106, 11 P. (2d) 1089. However, the waiver cannot arise by presumption, assumption or construction. It must be in terms that do not admit of a doubt and

clearly and definitely indicate a purpose to waive this specific statutory right. *Remington v. Remington, supra; Vincent v. Martin, supra.*

The will of Mr. Williams and the alleged will of Mrs. Williams are entirely silent upon this subject and the only ground for asserting any waiver is based upon the testimony of the attorney who drew the wills. This testimony was to the effect that the attorney had informed Mr. and Mrs. Williams that "if these wills were carried into effect it would deprive her of her widow's allowance and her half under the statute, having previously explained to her what she was entitled to under the statute." What the attorney meant or his clients understood by the words, "were carried into effect" is not disclosed by the record and obviously they may be construed as relating to a situation entirely inconsistent with an intent on the part of Mrs. Williams to waive her widow's allowance. The attorney also testified that no instruction was given him to include a waiver of the widow's allowance as a provision of either of the wills. It is clearly evident from the record that, at least, the attorney who prepared the wills did not consider that Mrs. Williams had waived anything since as her legal representative he prepared and filed her renunciation of the will and claim for widow's allowance. The record is void of any statement or words attributable to Mrs. Williams which would indicate that she at any time intended to waive her right to her widow's allowance and we must conclude that the evidence was wholly insufficient to show such a waiver.

From the recital of the contents of plaintiffs in error's petition hereinbefore made, it is evident that while this petition is labelled as being for the construction of the will of John H. Williams, the relief prayed for clearly involves the extraneous determination of whether or not the transactions in connection with the execution of the wills of the deceased husband and wife— the latter of which admittedly has never been found since her death or offered for probate—created a contractual

situation whereby the wills were to be treated as mutual and a judicial ascertainment of what right, if any, Mrs. Williams had to revoke her will and renounce under her husband's. The enforcement of rights under mutual or reciprocal wills is grounded entirely upon equitable theories. Where there has been a violation of the agreement upon which the mutual wills were based, a court of equity, by reason of its extraordinary power to enforce specific performance of contracts and to prevent frauds, in an appropriate suit and proper case, enforces such agreement in an equitable manner by decreeing a specific performance of the agreement or by impressing a trust upon the property in favor of the parties aggrieved by the violation of the agreement. 28 R. C. L., p. 172, 129; 69 C. J., p. 1302, §2726.

It is apparent, therefore, that rights of the parties based on the alleged mutuality of these wills could not be determined upon a petition or proceeding of the character of the one here under consideration. It might be noted in this connection that the case of *Brown v. Johanson,* 69 Colo. 400, 194 Pac. 943, principally relied upon by the plaintiffs in error, is based upon an original proceeding in the district court between the children of Mr. and Mrs. Brown and her children by a former marriage, for specific performance of the alleged contract and to impress a trust on the property of Mrs. Brown. In *Hildebrand v. Rolf,* 100 Colo. 304, 67 P. (2d) 492, by virtue of the special provisions of chapter 176, section 63, '35 C. S. A., the issue was raised in a contest proceeding challenging the admission to probate of the will of a party to the mutual will arrangement, who, having accepted benefits under the reciprocal will of the predeceased party, attempted to will away his property in contravention of this agreement. The inadequacy of the petition in the present case as basis for the relief sought was apparently not challenged in either the county or district courts, but it is entirely probable that both courts recognized its inherent insufficiency to raise the questions

relating to mutual wills argued by plaintiffs in error since, as has been said, judgments of both courts were based upon the validity of the award of the widow's allowance and the petition, in effect, treated solely as seeking to vacate the orders with respect thereto. Even though no objection to the petition was made, the parties by participating in the proceeding or even consenting to the determination sought could not confer this right on the court. *Mulcahy v. Johnson*, 80 Colo. 499, 252 Pac. 816. Therefore, we express no opinion upon the issue of the alleged mutuality of the wills, the authority of Mrs. Williams to revoke her will, if she did, nor her right to elect to take under the statute if the wills were mutual, leaving these matters to be determined if and when they are raised in an appropriate proceeding.

The judgment of the district court is affirmed, without prejudice to the right of the plaintiffs in error to proceed as they may be advised with reference to the questions not herein determined.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE YOUNG and MR. JUSTICE HOLLAND concur.