No. 14,822.

ESTATE OF BRADLEY.

BRADLEY *v*. BRADLEY.
(106 P. [2d] 1063)

Decided October 7, 1940.   Rehearing denied November 4, 1940.

Mr. John P. Thomas, Jr., Mr. George M. Cherrie, for plaintiff in error.

Mr. E. H. Stinemeyer, Mr. Frank H. Stinemeyer, for defendant in error.

*En Banc.*

Mr. Justice Otto Bock delivered the opinion of the court.

Whether a widow's allowance under the provisions of section 211, chapter 176, '35 C.S.A., was waived by defendant in error in an antenuptial agreement with the man she subsequently married, is the sole question presented by this legal controversy. After his death she filed in the county court an application for such an allowance in the proceedings attending the settlement of his estate. The son of deceased, plaintiff in error, filed objections to the allowance which were overruled and the application granted. From this ruling an appeal was taken to the district court which held that the widow had not waived her right to the award, and ordered, "that she have and retain as her sole and separate property lot 4, block 25 in the city of Canon City * * * of the appraised value of $1400, and in addition thereto the sum of $600 in cash." Plaintiff in error, challenging the

legality of this order, seeks reversal on a writ of error, and asks that the latter be made to operate as a supersedeas. We elect to dispose of the case on the application. Cross errors challenging the validity of the agreement on several grounds, including voidance of the agreement as against public policy, lack of mutuality, inadequacy of provisions for the widow, insufficient consideration, and other matters, are assigned by counsel for the widow. The issues are not presented by written pleadings. The son contends that the right to a widow's allowance was waived by the terms of the antenuptial agreement.

We approach a consideration of the controversy here in the spirit of liberality disclosed by our previous holdings in cases of this character, which favor the granting of a widow's allowance, even though an agreement such as is here involved might be so construed as to justify a denial of the application. See: *Wilson v. Wilson,* 55 Colo. 70, 132 Pac. 67; *Deeble v. Alerton,* 58 Colo. 166, 143 Pac. 1096; *Remington v. Remington,* 72 Colo. 132, 209 Pac. 802; *Brimble v. Sickler,* 83 Colo. 494, 266 Pac. 497; *Vincent v. Martin,* 91 Colo. 106, 11 P. (2d) 1089; *Williams v. Pollard,* 101 Colo. 262, 72 P. (2d) 476. Counsel for both parties agree that the following language in *Williams v. Pollard, supra,* at page 266, correctly states the law applicable to the problem before us as settled in this jurisdiction: "The waiver cannot arise by presumption, assumption or construction. It must be in terms that do not admit of a doubt and clearly and definitely indicate a purpose to waive this specific statutory right."

The language of the agreement upon which plaintiff in error relies to sustain his contention of waiver appears in the second and fifth paragraphs thereof, as follows:

"Second. Party of the first part agrees in case party of the second part shall survive him, and that marriage relation exists at the time of his death, then in such

event, and only in such event, shall party of the second part receive from, and the executor, administrator, legal representatives or heirs at law of his estate, shall pay to her the sum of one thousand dollars ($1,000.00) in cash, such being in full payment and discharge of all claims she, party of the second part, may have in the estate of the party of the first part, this to include all allowances and widow's award or share to any part of the estate of party of the first part."

"Fifth. Party of the second part in consideration of said marriage agrees in case she shall survive party of the first part, that she will make no claim to any part or share of the real or personal property of which party of the first part may die seized, other than to the sum of one thousand dollars ($1,000.00), agreed to be paid her out of the estate of the party of the first part, as above provided, this claim to be based solely and entirely upon the status of matrimony at the time of the death of the party of the first part, and in the event that the parties hereto are not living together at the time of the death of the party of the first part, then and in such event the said sum of one thousand dollars ($1,000.00) shall not be considered as a claim of the said party of the second part as being due from the estate of the party of the first part."

It will be noted that the "second" paragraph, in which the phrase, "this to include all allowances and widow's award or share to any part of the estate," is contained, relates to the promises of the husband, and does not clearly and definitely indicate a purpose by the widow to waive her allowance. In the "fifth" paragraph of the agreement, which contains her promises, the above-quoted phrase is not repeated, unless the words, "as above provided," clearly and definitely refer to the waiver of a specific statutory right. In view of our repeated pronouncements in cases of this nature, we do not think the language should be so construed. The sixth paragraph of the agreement also contains a declaration

of the intention of the parties, as follows: "It is mutually declared by the parties hereto that it is their intention that by virtue of said marriage, neither one shall have or acquire any right, title, interest or claim in and to the real or personal estate of the other, but that the estate of each shall descend to or vest in his or her heirs at law, legatees, or devisees, as may be prescribed by his or her last will and testament or by the laws of the state, wherein property is located, then, in force, as though no marriage had ever taken place between them."

This paragraph is important in our consideration of the question of waiver. If it was the intention of the widow to waive her statutory allowance, it should be disclosed by this paragraph. We find no terms therein from which it clearly and definitely appears that this specific statutory right was waived by her. In *Remington v. Remington, supra,* where we had under consideration a somewhat similar clause, we said (page 134): "Inasmuch as the parties to the contract were dealing with property interests, and not with rights given by statute because of public policy, we cannot construe the contract as cutting off the widow's allowance, in the absence of words clearly indicating a purpose so to do." The antenuptial agreement here under consideration does not, under the rule as announced in *Williams v. Pollard, supra,* contain language from which we are able to say, without doubt, that the widow waived her statutory right. The statute which provides for a widow's allowance is based upon sound public policy, and was enacted for the purpose of providing a measure of support to a widow or minor children during the process of administration, which policy the courts are zealous to effectuate. One reason why a waiver of the right should appear beyond any doubt is that the state also is vitally interested. If the husband fails to provide support for his widow, the state may have to do so. We are constrained to make this observation in view of the last amendment to section 211, supra ('35 Session Laws, page

398, chapter 109, section 1), which concludes as follows: "Provided, however, that such allowance shall not be liable to attachment or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or by operation of law, to pay any indebtedness or liability of the decedent." This amendment does not in any way affect the agreement, but is a declaration of the legislative policy that the allowance should be protected against any indebtedness or liability of the husband. Moreover, there are circumstances attending the execution of this agreement which support the widow's contention that there was no waiver of her right to the award, one being the provision to pay her $1,000 out of the estate of the husband upon his death, when the law clearly provides an allowance of $2,000 as a statutory right.

In view of our conclusion that there was no waiver of the widow's allowance, we deem it unnecessary to pass upon the cross errors assigned by the widow. We express no opinion concerning the validity of the agreement as it may apply to any other controversy.

The judgment is affirmed.

MR. JUSTICE FRANCIS E. BOUCK dissents.