No. 14,960.

ESTATE OF GRIFFEE.
GRIFFEE *v.* GRIFFEE, ADMINISTRATOR.
(117 P. [2d] 823)

Decided September 29, 1941.

Messrs. ADAMS, HECKMAN & RASO, for plaintiff in error.

Mr. WAYNE N. ASPINALL, Messrs. GROVES & BANKS, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS case involves the question of awarding a widow's allowance under the statute. Plaintiff in error, claimant, is the widow of decedent, Charles F. Griffee. On the day of their marriage, shortly before the ceremony, she and Griffee entered into a written contract whereby she allegedly waived any claim or right to such an allowance. Both county and district courts held that Mrs. Griffee had waived her rights in that respect and denied the claim. She seeks reversal on a writ of error.

The parties were married March 16, 1915. Each had considerable property in his and her name, respectively, and each had children by a former marriage.

The contract, after setting forth certain facts concerning their individual properties, and a statement of mutual covenant, contains the following separate paragraph embracing the covenant of the claimant: "Now Know Ye, that in consideration of the premises and of said intended marriage and all covenants and agreements acknowledged and recorded herein of said Charles F. Griffee hereinafter contained on his part and of one dollar to her, the said Ida M. Bentall paid by said Charles F. Griffee, she, the said Ida M. Bentall, doth hereby assent to and accept and covenant and agree to and with said Charles F. Griffee, his heirs, executors, administrators and assigns to accept the covenants and

agreements aforesaid to and for his own benefit in lieu bargain and satisfaction of and for all homestead, dower and other interest whatsoever, at the common law or by force of any statute, custom or otherwise which she, the said Ida M. Bentall could or might under any circumstance whatever otherwise have claimed or have been entitled to or out of all of or any of the lands, tenements and hereditaments and personal property, whatsoever, of which he, the said Charles F. Griffee now is or may during said intended coverture be seized or possessed for any estate, property or inheritance or any interest whatsoever; and that she, the said Ida M. Bentall doth acquit, release and discharge said lands and premises and all and singular the personal estate which the said Charles F. Griffee shall be possessed of at any time or entitled to at his decease, of and from all claim of dower, homestead, widow's award, or as an heir at law, or under and by force of any statute, custom or otherwise, so that the same and any part thereof shall, in case she, the said Ida M. Bentall shall survive said Charles F. Griffee, go and be disposed of in like manner in every respect, as if he, the said Charles F. Griffee had continued sole and unmarried."

Then follows a paragraph containing a reciprocal covenant on the part of deceased, and the contract concludes with the following mutual agreement: "It is further understood and agreed that each of said parties hereby declares it to be also the intent and meaning of this contract and indenture that during their marriage, each of them shall be and continue completely independent of the other as regards the enjoyment and disposal of all property, whether owned by either of them at the commencement of the marriage, or coming to them or either of them during the marriage, and each of them hereby agrees with the other, in view and consideration of said proposed marriage, that so far as is legally possible by their private act and agreement, all property belonging to either of them at the commencement of

the marriage or coming to either of them during the marriage shall be enjoyed by him or her and be subject to his or her disposition as his or her separate property in the same manner as if the said proposed marriage had never been celebrated."

While some of the assignments of error are directed to the court's exclusion of certain testimony voluntarily given by claimant, arguments thereon are waived, and the sole question here presented is whether the contract constitutes a waiver of the widow's allowance. We say this because in our opinion there is no merit in the contention that the contract fails for want of consideration.

Counsel for claimant challenges the correctness of the judgment of the lower court and contends that the case is controlled by our recent pronouncement in *Bradley v. Bradley,* 106 Colo. 500, 106 P. (2d) 1063. No good purpose would be served by a review of the authorities cited in the Bradley case, and others, too numerous to mention, which are cited and commented upon in those citations. We are content simply to reaffirm the proposition that "The waiver [of a widow's allowance] cannot arise by presumption, assumption or construction. It must be in terms that do not admit of a doubt and clearly and definitely indicate a purpose to waive this specific statutory right." *Williams v. Pollard,* 101 Colo. 262, 72 P. (2d) 476. We mention in passing that we quoted the above statement in the Bradley case.

We are of the opinion that the trial court was right in holding that the contract here involved is clear and specific and operates to waive the claimed right. The language used, to distinguish the Bradley case, specifically provides that claimant "doth acquit, release and discharge" the estate of Griffee from all claim of a "widow's award."

There is also the distinction that here claimant specifically waives the benefit of any statute, an element which was present in the Bradley case where we held that although the widow had waived all rights in and

to the property of her husband, she did not specifically waive the right afforded her by statute.

Judgment affirmed.

MR. JUSTICE OTTO BOCK and MR. JUSTICE HILLIARD dissent.