No. 17,255.

NORAH M. WALKER, AS ADMINISTRATRIX, ETC. *v.* OTTO
WALKER, ET AL.

(281 P. [2d] 1010)

Decided March 28, 1955.   Rehearing denied April 25, 1955.

Mr. LEWIS M. PERKINS, Mr. HOWELL W. COBB, Mr.
BENTLY M. McMULLIN, for plaintiff in error.

Messrs. EMIGH & EMIGH, Mr. MAX D. MELVILLE, Mr.
FRED M. WINNER, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the
Court.

DELPHY WALKER, a resident of La Plata County, Colo-

rado, departed this life intestate on December 6, 1948. He was the husband of Norah M. Walker, who was appointed administratrix of the decedent's estate. She is the plaintiff in error. Defendants in error are the heirs at law of decedent. Plaintiff in error seeks by writ of error to reverse a judgment and decree of the district court denying to Norah M. Walker any portion of the estate of her deceased husband.

Delphy Walker and Norah M. Walker were married three times. The record does not disclose the period of the first marriage, but she alleges one marriage as existing between April, 1941, and July, 1946. The marriage involved in the instant proceeding occurred in April, 1948.

Immediately prior to this last ceremony, the couple contracted to purchase a ranch in La Plata County, Colorado, and later title to this property was taken by them in joint tenancy. The purchase price was $42,000 of which $16,000 was represented by an encumbrance on the property. In addition to the real estate, the purchase included the machinery and furniture on the place. It appears that Mrs. Walker separately owned a property in Mesa, Arizona, and at the trial she fixed the value thereof at $8,500. Nowhere does it appear that Norah M. Walker contributed any portion of the purchase price of the ranch.

Defendants in error filed in the probate proceeding a petition in which they alleged decedent and Norah M. Walker were married; that on November 20, 1948, they entered into a written "Separation and Property Settlement Agreement" whereby they agreed to live separate and apart and made a division of their respective properties; that by said agreement Mrs. Walker was to retain her Mesa, Arizona, property, together with a 1948 Buick automobile and the furniture "now contained in the former home of the parties situate * * * north of Durango, Colorado." It was further alleged that decedent in conformity with the agreement, paid his wife one thousand

dollars, together with four hundred dollars "moving money" and that he promised to pay her an additional. five thousand dollars on or before March 15, 1949; that all other property belonging to Mr. Walker or jointly owned by the parties "be retained by party of the second part [Mr. Walker] as his sole and separate property." To carry out this last provision it was alleged that Mrs. Walker executed a conveyance of her interest in the ranch, which was the only other property Mr. Walker owned. The parties released each other from all obligations as husband and wife or otherwise, including "all rights of inheritance, descent or distribution in the estate of the other," including widow's allowance.

It appears that a petition for determination of heirship in the estate of Mr. Walker was filed in which Mrs. Walker claimed to be the sole heir of her deceased husband. The petition filed by defendants in error was by order of court and agreement of the parties, considered in connection with the petition for determination of heirship. The prayer of the petition was a decree that Mrs. Walker was not entitled to share in the estate of her deceased husband and that her demand for a widow's allowance be denied.

An answer to this petition was filed by the widow, which in substance alleged that after November 20, 1948, she went to Arizona for reasons of her health and that her husband was to join her there. She admitted the tender of the five thousand dollars mentioned in the agreement, to be paid before March 15, 1949, and her refusal to accept the same; alleged she was not furnished a copy of the agreement and that it was not intended to be a separation and property settlement agreement; that the division of the property was unfair as to her and that the terms of the agreement were never explained to her. The county court, after hearing, sustained the agreement and decreed that Mrs. Walker was not entitled to share in the estate of Delphy Walker. The administratrix appealed to the district court. The cause was tried de novo

in the district court and on September 13, 1952, findings, judgment and decree were entered in favor of defendants in error. The administratrix brings the cause here by writ of error.

In essence, this case presents a contest between Norah M. Walker individually, claiming to be entitled to the assets of her husband's estate, and the claims of the heirs at law who assert they are entitled to distribution of the same assets and that the widow is not entitled to any part thereof because of the agreement above mentioned. Norah M. Walker as an individual and not as administratrix is the contending party.

At the trial de novo in the district court, counsel for Mrs. Walker offered her testimony concerning the matters set forth in her answer to the petition of the heirs at law, and over the objection of counsel for the heirs, this testimony was received. Practically the entire case sought to be made by Mrs. Walker depended on her evidence, which was barred by the "dead-man statute," Section 2, chapter 177, '35 C.S.A. She testified to a series of conversations with her deceased husband.

As to matters occuring in the office of Attorney Hatfield when the agreement was executed, Mrs. Walker was competent to testify, as well as to matters which occurred after her husband's death. As to all other matters she was incompetent under Section 2, chapter 177, '35 C.S.A.

In his findings, the trial judge characterized the testimony of Mrs. Walker as follows: "As a whole it was evasive, inconsistent, contradictory and unimpressive."

There is ample competent evidence in this record to sustain the findings of the trial court. A separation agreement, such as the one here under consideration, is not presumptively fraudulent. It is presumed to be valid in the absence of a showing by competent evidence that it was obtained by fraud, duress, deception, nondisclosure or overreaching. The defendants in error having made a prima facie case, the burden then shifted to plain-

tiff in error to rebut the evidence offered by defendants in error. This, she failed to do.

Attorney Hatfield of the Durango Bar drew the agreement and testified as a witness. His testimony, accredited by the trial judge, was competent evidence to establish that Norah Walker understandingly and voluntarily entered into the separation agreement. Counsel for plaintiff in error urge that the agreement was "constructively fraudulent." The trial court found that she knew the agreement was one of marital separation and property settlement. The record is silent as to any allegation or testimony on behalf of Mrs. Walker that she did not know the nature and extent of her husband's property, or that any of his assets were concealed from her. She never claimed there was other property that should have entered into the agreement. She never intimated that she was overreached, except to say she did not know what was in the agreement, and this contention was resolved against her by the trial judge. The evidence discloses that after the agreement was executed she packed the furniture she was to retain, shipped it to Arizona and departed for her own property in Mesa, Arizona, after having received from her husband the one thousand dollars and the $400 "moving money" to defray her expenses in shipping the furniture and getting to her destination in the automobile which was to be her property. Through an unfortunate accident her husband was injured shortly thereafter and died as a result thereof, whereupon she returned to Colorado to assert her claim as widow and sole heir.

If reference to pertinent decisions is necessary, we refer to *Hughes v. Leonard,* 66 Colo. 500, 181 Pac. 200; *Brimble v. Sickler,* 83 Colo. 494, 266 Pac. 497; *Daniels v. Benedict,* 97 F. 367. We need not quote from these well considered cases.

A careful and painstaking examination of this record convinces us that the trial court properly applied the rules of law pertaining to the claims of Mrs. Walker. The

evaluation of the evidence was a matter solely for determination by the trial judge.

The judgment and decree must be affirmed. It is so ordered.