No. 20,073.

KATHRYN L. MAHER *v.*
FRANCIS J. KNAUSS, ADMINISTRATOR, ETC.
(370 P. [2d] 1017)

Decided April 30, 1962. Rehearing denied May 14, 1962.

Mr. ELIAS J. CRANDELL, for plaintiff in error.

Mr. WILBUR M. ALTER, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE DAY.

BY this writ of error it is sought to reverse a judgment of the county court denying plaintiff in error a "widow's allowance."

The court denied the application for the widow's allowance and refused to enter it as a claim of the fourth class against the estate by reason of an antenuptial agreement between plaintiff in error and the decedent wherein, among other things, it provided:

"That first party [Kathryn L. Hott (Maher)] does waive any right to widow's allowance, except that if she is made a beneficiary under a later will executed by said second party [Theodore F. Maher]."

This language appears clear enough. It is not ambiguous and admits of no construction other than to apply the words used. Nevertheless plaintiff in error, by quoting from a number of cases dealing with the statute in question, argues that for a widow to waive her allowance, which it is admitted she can do, such waiver "must be in terms that do not admit of a doubt and clearly and definitely indicate a purpose to waive this specific *statutory right*." *In Re Williams Estate,* 101 Colo. 262, 72 P. (2d) 476. Armed with the above quotation from Williams, she asserts that in the agreement the word "statutory" should precede the words "widow's allowance" and that because of its absence the widow's allowance as provided for in '53 C.R.S. 152-12-16 is not waived.

We do not find in the Williams case — or in any other of a long line of decisions — a requirement that reference to a "widow's allowance" must be modified by the word "statutory" if intended to apply to the allowance provided by the statute referred to.

In *Vincent v. Martin,* 91 Colo. 106, 11 P. (2d) 1089, it was said that the term "statutory allowances" includes "widow's allowance" because "There is no statutory allowance to a widow other than a widow's allowance."

" * * * If the words 'statutory allowances' were not intended to and do not actually include a widow's allowance they are meaningless because there is no statutory allowance to a widow except a widow's allowance."

The converse of this statement is equally true. The term "widow's allowance" can only mean the statutory widow's allowance, there being no other such allowance provided by law. Plaintiff in error argues that the term "widow's allowance" as used in the antenuptial agreement might refer as well to a waiver of the right of a widow to take one-half of the estate. We do not agree

with this contention, but in the instant case it is evident that the parties had already taken care of any such interpretation by a separate paragraph, No. 3, which provides:

"That each party agrees [to] and does hereby waive and release any right to assert the option of election to take one-half of the other's property in the event of death."

The judgment is affirmed.

Mr. Justice Moore and Mr. Justice Hall concur.