**In re the ESTATE OF Ottis SMITH, Deceased.**

**Donna SNYDER and Arnold Ogden, Co-Personal Representatives of the Estate of Ruth M. Smith, Deceased, Petitioners-Appellants,**

v.

**Lloyd W. MACY, Special Administrator of the Estate of Ottis Smith, Deceased, and Donald L. Smith and Eldon R. Smith, Respondents-Appellees.**

No. 82CA0821.

Colorado Court of Appeals, Div. II.

May 12, 1983.

Rehearing Denied June 9, 1983.

Certiorari Denied Dec. 28, 1983.

Carl W. Dugan, Lakewood, for petitioners-appellants.

Paul Snyder, Bradley Yoder, Castle Rock, for respondents-appellees.

TURSI, Judge.

Donna Snyder and Arnold Ogden, (petitioners) co-personal representatives of the estate of their mother, Ruth M. Smith, deceased, appeal the trial court's ruling that Ruth M. Smith waived her right to an elective share in the estate of her deceased husband, Ottis Smith. We reverse and remand for further proceedings.

On June 3, 1980, while Ottis Smith was hospitalized, Ruth Smith was shown an unexecuted will which had been prepared for her husband by his attorney. Attached to the will was the following statement, which Ruth Smith signed after reviewing it with an attorney:

"I, Ruth Marguerite Smith, wife of the said Ottis Smith, testator, hereby express agreement to the terms of the above will of my said husband and state that I have been advised that I am entitled to one-half of my said husband's estate and should seek independent legal advice about the matter of my said husband's will and expressly agree to the terms of the above will."

The attorney informed her that he did not believe signing the statement would effect a waiver of her rights to take against the will. That same day, the will was returned to Ottis Smith and executed. Ottis Smith died June 29, 1980. He was survived by Ruth M. Smith and by Eldon and Donald

Smith (respondents), his adult sons from a previous marriage.

On August 5, 1980, Ruth M. Smith filed her petition for elective share, family allowance, and exempt property allowance. After her death on December 24, 1980, petitioners, Ruth Smith's children from a prior marriage, were substituted as parties in these claims against the estate of Ottis Smith. All claims were denied after the court found Ruth Smith had waived her right to them in the document signed on June 3, 1980.

We agree with petitioners that the court's finding of waiver was erroneous. The right to statutory allowances under §§ 15–11–201, 15–11–402, and 15–11–403, C.R.S.1973 (1982 Cum.Supp.) is strongly favored in Colorado, and that right may not be held to have been waived or relinquished except in cases where the specific intention to waive or relinquish is established by the evidence. *See McLaughlin v. Craig,* 117 Colo. 67, 184 P.2d 130 (1947), interpreting a similar provision in the predecessor statute to § 15–11–201, C.R.S.1973, and requiring waiver to be established beyond any reasonable doubt. Here, neither the will nor the purported waiver contain specific language of waiver of her statutory entitlement to one-half her husband's estate, and the court cannot find a waiver by presumption or assumption, or by construction of the written agreement. *Bradley v. Bradley,* 106 Colo. 500, 106 P.2d 1063 (1940).

Contrary to respondents' argument, the validity of Ottis Smith's will is not in issue. Rather, it is the effect of the instrument signed by Ruth Smith that determines whether she was entitled to exercise her statutory option. And, we are not bound by the trial court's construction of that document. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, Inc.,* 195 Colo. 253, 577 P.2d 748 (1978).

Because we see no express waiver of statutory rights, the trial court's order denying petitioners' claims and denying their request for determination of the augmented estate under § 15–11–204 is reversed, and the cause is remanded for further proceedings consistent with this opinion.

PIERCE and SMITH, JJ., concur.